CV03-BE-1500-S

FILED 03 JUN 24 PM 1:29

U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION, | Consolidated File No. CV-98-BE-2634-S |
| This Document Relates To: All Actions | **SECURITIES CLASS ACTION** |
| | ENTERED JUN 24 2003 |
| In re HEALTHSOUTH CORPORATION 2002 SECURITIES LITIGATION, | Consolidated File No. CV-02-BE-2105-S |
| This Document Relates To: All Actions | **SECURITIES CLASS ACTION** |
| JOHN LUCAS, individually and on behalf of all other similarly situated, Plaintiff, v. HEALTHSOUTH CORPORATION, RICHARD M. SCRUSHY, MICHAEL D. MARTIN, WILLIAM T. OWENS, WESTON L. SMITH, and MALCOLM E. McVAY, Defendants. | CV-03-BE-0645-S **SECURITIES CLASS ACTION** |

1

| | |
|---|---|
| ALAN B. MIRKEN, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHSOUTH CORPORATION, RICHARD M. SCRUSHY, WILLIAM T. OWENS, WESTON L. SMITH, MICHAEL D. MARTIN, MALCOLM E. McVAY and ERNST & YOUNG LLP,<br><br>    Defendants. | CV-03-BE-0696-S<br><br>**SECURITIES CLASS ACTION** |
| MING LI, SHELDON GRAY FAMILY FOUNDATION and SHELDON GRAY, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHSOUTH CORPORATION, RICHARD M. SCRUSHY, MICHAEL D. MARTIN, WILLIAM T. OWENS, WESTON L. SMITH, and MALCOLM E. McVAY,<br><br>    Defendants. | CV-03-BE-0713-S<br><br>**SECURITIES CLASS ACTION** |

| | |
|---|---|
| JULIUS R. SCHWARTZ, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHSOUTH CORPORATION, RICHARD M. SCRUSHY, WILLIAM T. OWENS, MALCOLM E. McVAY, THOMAS W. CARMAN, LARRY D. TAYLOR, WESTON D. SMITH, ROBERT P. MAY, PATRICK A. FOSTER, WILLIAM W. HORTON, and JOEL C. GORDON,<br><br>    Defendants. | CV-03-BE-0743-S<br><br>**SECURITIES CLASS ACTION** |
| STEWART PERRY, individually and on behalf of all other similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHSOUTH CORPORATION, RICHARD M. SCRUSHY, MICHAEL D. MARTIN, WILLIAM T. OWENS, WESTON L. SMITH, and MALCOLM E. McVAY,<br><br>    Defendants. | CV-03-BE-0848-S<br><br>**SECURITIES CLASS ACTION** |

3

| | |
|---|---|
| DWAIN E. DAVIS, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHSOUTH CORPORATION, RICHARD M. SCRUSHY, MICHAEL D. MARTIN, WILLIAM T. OWENS, WESTON L. SMITH, MALCOLM E. McVAY, and ERNST & YOUNG LLP,<br><br>    Defendant. | CV-03-BE-0878-S<br><br>**SECURITIES CLASS ACTION** |
| THE EZRA CHARITABLE TRUST, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>HEALTHSOUTH CORPORATION, RICHARD M. SCRUSHY, WILLIAM T. OWENS, WESTON L. SMITH, MICHAEL D. MARTIN, MALCOLM E. McVAY, and ERNST & YOUNG LLP,<br><br>    Defendants. | CV-03-BE-0903-S<br><br>**SECURITIES CLASS ACTION** |

4

| | |
|---|---|
| DAVID DUBROW and DONNA M. SCROGGINS, on behalf of themselves and all others similarly situated,<br><br> Plaintiffs,<br><br>v.<br><br>HEALTHSOUTH CORPORATION, RICHARD M. SCRUSHY, JAMES P. BENNETT, MICHAEL D. MARTIN, WILLIAM T. OWENS, WESTON L. SMITH, KENNETH K. LIVESAY, ANGELA C. AYERS, VIRGINIA B. VALENTINE, CATHY C. EDWARDS, KAY MORGAN, and ERNEST & YOUNG LLP,<br><br> Defendants. | ]<br>]<br>]<br>]<br>]<br>] CV-03-BE-0969-S<br>]<br>] **SECURITIES CLASS ACTION**<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] |
| DONALD F. ANGLE, MD and DALE WILLETTS, on behalf of themselves and all others similarly situated,<br><br> Plaintiffs,<br><br>v.<br><br>HEALTHSOUTH CORPORATION, RICHARD SCRUSHY, JAMES P. BENNETT, MICHAEL D. MARTIN, WILLIAM T. OWENS, WESTON L. SMITH, KENNETH K. LIVESAY, ANGELA C. AYERS, VIRGINIA B. VALENTINE, CATHY C. EDWARDS, KAY MORGAN, and ERNEST & YOUNG LLP,<br><br> Defendants. | ]<br>]<br>]<br>]<br>]<br>]<br>] CV-03-BE-1123-S<br>]<br>] **SECURITIES CLASS ACTION**<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>]<br>] |

5

**ORDER**

The court having conducted a hearing on June 17, 2003, to address various motions to consolidate and for appointment of lead plaintiff and lead counsel in class actions brought against HealthSouth Corporation ("HealthSouth"), and others, it is hereby ORDERED as follows:

I.   CONSOLIDATION

    A.   The Stockholder Litigation

1. Because the claims asserted on behalf of stockholders who received HealthSouth stock via mergers are subject to unique defenses and conflicts, these claims shall proceed in a unique posture. *Rigas v. HealthSouth Corp.*, CV-98-2777-S, which was previously consolidated with *In re HealthSouth Corp. Securities Litigation*, CV-98-BE-2634-S, is hereby severed from *In re HealthSouth Corp. Securities Litigation*, CV-98-BE-2634-S. Because *Rigas v. HealthSouth Corp.*, CV-98-2777-S, *Dubrow v. HealthSouth Corp.*, CV-03-0969-S, and *Angle v. HealthSouth Corp.*, CV-03-1123-S, involve claims on behalf of stockholders who received HealthSouth stock via mergers, these cases are consolidated for all purposes. Although the consolidated merger cases are further consolidated below with the open market purchaser cases, the consolidated merger cases shall retain the original case number in *Rigas v. HealthSouth Corp.*, CV-98-2777-S and shall be referred to as *HealthSouth Merger Cases*, Consolidated Case No. CV-98-2777-S (the "Merger Cases"). As explained below, these merger plaintiffs shall have separate counsel and shall file claims on behalf of merger holders in the Stockholder Litigation.

2. Because they involve common questions of law and fact, the following actions on behalf of open market purchasers of HealthSouth stock are consolidated for all purposes

6

pursuant to Rule 42(a), Fed. R. Civ. P.:

1. *In re HealthSouth Corp. Securities Litigation*, CV-98-BE-2634-S
2. *In re HealthSouth Corp. 2002 Securities Litigation*, CV-02-BE-2105-S
3. *Lucas v. HealthSouth Corp.*, CV-03-BE-0645-S
4. *Mirken v. HealthSouth Corp.*, CV-03-BE-0696-S
5. *Ming Li v. HealthSouth Corp.*, CV-03-BE-0713-S
6. *Schwarz v. HealthSouth Corp.*, CV-03-BE-0743-S
7. *Perry v. HealthSouth Corp.*, CV-03-BE-0848-S
8. *The Ezra Charitable Trust v. HealthSouth Corp.*, CV-03-BE-0903-S

3. The above consolidated cases shall be referred to collectively as *In re HealthSouth Corporation Stockholder Litigation*, Consolidated Case No. CV-03-BE-1501-S (the "Stockholder Litigation").

4. The *HealthSouth Merger Cases*, Consolidated Case No. CV-98-2777-S, are hereby consolidated with *In re HealthSouth Corporation Stockholder Litigation*, Consolidated Case No. CV-03-BE-1501-S, for all purposes.

5. Counsel are directed to consult paragraphs 12, 13 and 18-21 for instructions on how to properly identify specific cases in pleadings.

B. The Bondholder Litigation

6. *Davis v. HealthSouth Corp.*, CV-03-0878-S, and any subsequently filed bondholder actions shall be referred to collectively as *In re HealthSouth Corporation Bondholder Litigation*, Consolidated Case No. CV-03-BE-1502-S (the "Bondholder Litigation").

7. Because HealthSouth bondholders have distinct claims, these claims will not be

7

consolidated with the Stockholder Litigation for all purposes. However, the Bondholder Litigation shall be consolidated with the Stockholder Litigation for discovery and pretrial purposes.

    C.    The Securities Litigation Master File

8. The Stockholder Litigation and the Bondholder Litigation shall collectively proceed for pretrial and discovery purposes as *In re HealthSouth Securities Litigation* under Master File No. CV-03-BE-1500-S (the "Securities Litigation").

9. No action taken hereunder shall have the effect of making any person, firm, or corporation a party to any action in which the person or entity has not been named, served, or added as such in accordance with the Federal Rules of Civil Procedure.

II.    MASTER DOCKETS AND SEPARATE ACTION DOCKETS

10. A Securities Litigation Master Docket, CV-03-BE-1500-S (the "Master Docket") is hereby established for the consolidated proceedings in the actions consolidated herein and any other actions subsequently consolidated with them either for all purposes or for pretrial purposes (the "Consolidated Actions").

11. Entries in said Master Docket, CV-03-BE-1500-S, shall be applicable to the Consolidated Actions, and entries shall be made therein in accordance with the regular procedure of the Clerk of this court, except as modified by this Order.

12. When a pleading is filed and the caption, pursuant to this Order, shows that it is applicable to "All Actions," the Clerk shall file such pleading in the Master File and note such filing in the Master Docket, CV-03-BE-1500-S.

13. When a pleading is filed and the caption, pursuant to this Order, shows that it is

8

applicable to a specific litigation or case, the Clerk shall file such pleading in the Master File and note such filing in the Master Docket; additionally, the Clerk shall file such pleading in that specific litigation or case file. No further copies need be filed nor other docket entries made. For example, when plaintiffs file the joint consolidated complaint referenced in paragraph 28, counsel shall note that this pleading applies to "All Actions." However, when counsel for the Stockholder Litigation file the consolidated complaint referenced in paragraph 29, counsel shall note that this pleading applies to "*In re HealthSouth Corporation Stockholder Litigation*, Consolidated Case No. CV-03-BE-1501-S."

III.  NEWLY FILED OR TRANSFERRED ACTIONS

14. When a class action that relates to the same subject matter as the Consolidated Actions is hereafter filed in or transferred to this court and assigned to the undersigned, it shall be consolidated with these actions in the same manner as the cases identified in Section I above, except as provided below, and the Clerk of Court shall:

    1. File a copy of this Order in the separate file for such action.
    2. Mail a copy of the Order of assignment to counsel for plaintiffs and counsel for each defendant in the Consolidated Actions.
    3. Make an appropriate entry in the Master Docket.
    4. Mail to the attorneys for the plaintiff(s) in the newly filed or transferred case a copy of this Order.
    5. Upon the first appearance of any new defendant(s), mail to the attorneys for such defendant(s) in such newly filed or transferred case a copy of this

9

>> Order.
>
> 6. Any newly filed or transferred cases shall proceed with the Consolidated Actions.

15. The court requests the assistance of counsel in calling to the attention of the Clerk the filing or transfer of any case which might properly be consolidated with these actions.

IV. APPLICATION OF THIS ORDER TO SUBSEQUENT CASES

16. This Order shall apply to each class action assigned to the undersigned alleging claims similar to those set forth in these actions, whether brought on behalf of holders of HealthSouth stocks, bonds, or other securities, so long as HealthSouth Corporation or former or current directors or officers of HealthSouth Corporation are named as a defendant in the action. This Order shall apply to each such case that is subsequently filed in or transferred to this court, and that is assigned to the undersigned unless a party objecting to the consolidation of that case or to any other provision of this Order serves an application for relief from this Order or from any of its provisions within ten (10) days after the date on which the Clerk mails a copy of this Order to counsel for that party. The provisions of this Order shall apply to such action pending the court's ruling on the application.

17. Unless a plaintiff in a subsequently filed or transferred case is permitted by the court to use a separate complaint, defendants shall not be required to answer, plead, or otherwise move with respect to that complaint in any such case. If a plaintiff in any such case is permitted to use a separate complaint, each defendant shall have thirty days from the date the court grants such permission within which to answer, plead, or otherwise move with

10

respect to any such complaint.

V.  CAPTIONS

18. Every pleading filed in the Securities Litigation, and in any separate action included therein, shall bear the following caption:

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA

IN RE HEALTHSOUTH CORP.
SECURITIES LITIGATION                    CONSOLIDATED CASE NO. CV-03-BE-1500-S

This Document Relates To:

19. When a pleading is intended to be applicable to all actions in which this Order applies, the words "All Actions" shall appear immediately after the words "This Document Relates To:" in the caption. When a pleading is intended to apply only to less than all of such actions, the docket number for each individual action to which it is intended to apply and the name of the plaintiff in said action shall appear immediately after the words "This Document Relates To:" in the caption.

VI.  FILING AND DOCKETING

20. When a paper is filed and the caption shows that it is applicable to All Actions, the Clerk shall file it in the Master File and note such filing in the Master Docket. No other docket entries need be made nor copies filed in other files.

21. When a paper is filed and the caption shows that it is applicable to less than All Actions, the Clerk shall file the original of the paper in the Master File and a copy in the file of each separate action to which it applies and shall note such filing in the Master Docket

11

and in the docket of each such separate action. <u>The party filing such paper shall supply the Clerk with sufficient copies of any paper to permit compliance with this paragraph</u>.

VII.  LEAD PLAINTIFFS; LEAD PLAINTIFFS' COUNSEL

22. Oracle Partners, LP and Orbitex Management, Inc. are appointed Co-Lead Plaintiffs in the Stockholder Litigation. Lowey Dannenberg Bemporad & Selinger, PC and Milberg Weiss Bershad Hynes & Lerach LLP shall serve as Co-Lead Counsel for the Co-Lead Plaintiffs in the Stockholder Litigation. Whatley Drake LLC shall serve as Liaison Counsel for the Co-Lead Plaintiffs in the Stockholder Litigation.

23. Schatz & Nobel, PC shall serve as additional counsel for stockholders who received shares in HealthSouth Corporation through mergers with National Surgery Centers, Inc. and The Company Doctor.

24. The Law Offices of M. Clay Ragsdale shall serve as additional counsel for stockholders who received shares in HealthSouth Corporation through a merger with Horizon/CMS Healthcare Corporation.

25. The Retirement Systems of Alabama is appointed Lead Plaintiff in the Bondholder Litigation. Bernstein Litowitz Berger & Grossman LLP and Cunningham Bounds Yance Crowder & Brown LLC shall serve as Co-Lead Counsel for the Lead Plaintiff in the Stockholder Litigation. Donaldson & Guin LLC shall serve as Liaison Counsel for the Lead Plaintiff in the Bondholder Litigation.

26. The Lead Counsel appointed above shall have the following responsibilities:

   a. Sign any consolidated complaint, motions, briefs, discovery requests, objections, or notices on behalf of the plaintiffs they represent or those plaintiffs filing the

12

particular papers.

b. Conduct all pretrial proceedings on behalf of the plaintiffs they represent.

c. Brief and argue motions.

d. Initiate and conduct discovery through the Consolidated Discovery Process that will be defined in a subsequent Order.

e. Speak on behalf of plaintiffs at any pretrial conference.

f. Employ and consult with experts.

g. Conduct settlement negotiations with defense counsel on behalf of the plaintiffs they represent.

h. Call meetings of plaintiffs' counsel.

i. Distribute to all plaintiffs' counsel copies of all notices, orders, and decisions of the court; maintain an up-to-date list of counsel available to all plaintiffs' counsel on request; keep a complete file of all papers and discovery materials filed or generated in the Consolidated Actions that shall be available to all plaintiffs' counsel at reasonable hours.

27. The additional counsel appointed above shall have the following responsibilities:

1. Represent the interests of plaintiffs who received shares in HealthSouth Corporation via mergers.

2. File, brief, or otherwise respond to motions and briefs that involve issues that are unique to the merger plaintiffs.

13

3. Speak on behalf of merger plaintiffs at any hearings addressing issues that are unique to the merger plaintiffs.

4. Participate in discovery and otherwise assist co-lead counsel in the prosecution of the action.

VIII. SCHEDULE

28. All plaintiffs shall file a joint consolidated complaint in the Securities Litigation, and any actions subsequently consolidated with it, setting forth only the factual basis for all claims by **4:30 p.m.** on **September 15, 2003.**

29. Plaintiffs in the Stockholder Litigation shall separately file a consolidated complaint setting forth their legal theories and claims by **4:30 p.m.** on **September 15, 2003.**

30. Plaintiffs in the Bondholder Litigation shall separately file a consolidated complaint setting forth their legal theories and claims by **4:30 p.m.** on **September 15, 2003.**

31. Defendants shall respond to the joint consolidated complaint by **4:30 p.m.** on **November 17, 2003.**

32. Pending filing and service of the consolidated amended complaints, defendants shall have no obligation to move, answer, or otherwise respond to any of the complaints in the actions consolidated herein or any actions subsequently consolidated with them.

DONE and ORDERED this 24th day of June, 2003.

KARON O. BOWDRE
UNITED STATES DISTRICT JUDGE

14