FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

2004 MAY 10 PH 3:52

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
MAY 10 2004

| | | |
|---|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION, ] ] ] This Document Relates To: All Actions ] | ] ] ] ] | Consolidated Case No. CV-03-BE-1500-S |
| In re HEALTHSOUTH ERISA LITIGATION, ] ] This Document Relates To: All Actions ] | ] ] ] ] ] | Consolidated File No. CV-03-BE-1700-S |
| In re HEALTHSOUTH CORPORATION INSURANCE LITIGATION, ] ] This Document Relates To: All Actions ] | ] ] ] ] | Consolidated File No. CV-03-BE-1139-S |
| In re HEALTHSOUTH CORPORATION DERIVATIVE LITIGATION, ] ] This Document Relates To: All Actions ] | ] ] ] ] ] | Consolidated File No. CV-02-BE-2565-S |

**PROTECTIVE ORDER**

At a meeting of the Federal Steering Committee convened on April 23, 2004, the court addressed concerns about the potential effect of publicity by attorneys and participants in the HealthSouth Civil Litigation on the pending criminal case of *United States v. Richard M. Scrushy*, CR-03-BE-0530-S. On April 13, 2003, this court entered a "Protective Order by Consent" in the criminal case against Mr. Scrushy in an effort to ensure a fair trial.

Recognizing the important interests of the government, the defendant, and the public to a

fair trial, counsel in the above-styled civil cases agree to be bound by the terms and the spirit of the Protective Order entered in the *United States v. Richard M. Scrushy*, CR-03-BE-0530-S. Counsel further agree that their clients are all potential witnesses in the criminal case and thus, should also be bound, with one exception, by the Protective Order entered in the criminal case against Mr. Scrushy.

Specifically, a limited exception to the prior protective order is included in this Protective Order permitting the disclosure of information required by law, regulation, or in the ordinary course of business. Notwithstanding this exception, the court notifies the parties that they should be circumspect regarding any public comments bearing on matters involved in the criminal trial.

Counsel in this civil litigation shall provide their clients with copies of this order and shall explain to them the full intent of this order. Accordingly, it is ORDERED that the Protective Order by Consent entered in *United States v. Richard Scrushy* is attached and incorporated in this order by reference as if fully set forth herein and is ADOPTED as applicable in these civil cases with the exception noted above.

DONE and ORDERED this 10th day of May, 2004.

KARON O. BOWDRE
UNITED STATES DISTRICT JUDGE

FILED

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

04 APR 13 PM 4:34

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ] | |
| v. | ] | CR-03-BE-0530-S |
| RICHARD M. SCRUSHY, | ] | |
| Defendant. | ] | |

ENTERED
APR 13 2004

### PROTECTIVE ORDER BY CONSENT

This matter comes before the court on the Motion of the United States For A Protective Order Restricting Extrajudicial Comments (doc. # 140). The motion has been fully briefed by both sides, and the court held a hearing on the motion on April 9, 2004. At the hearing, the Defense joined in the request for a Protective Order, and the parties agreed to the entry of this Order.

For the reasons stated on the Record and in the accompanying Memorandum Opinion, the court finds that a substantial likelihood exists that continued extrajudicial comments of the type previously made by both parties and the resultant media reports could prejudice a fair trial in this case, and that entering a protective order is the least restrictive means to ensure a fair trial for the benefit of the Defendant, the Government, and the public. Therefore, the Joint Motion is GRANTED and the court hereby ORDERS by consent:

A. that from now until the final verdict is rendered in this case, **ALL** participants including potential witnesses in this case are to refrain from making or authorizing extrajudicial comments and disseminating or authorizing the dissemination of information to the media

1

158

and the public concerning the following:

1. materials provided in discovery for the preparation of the trial of the case;
2. the character, credibility, reputation or criminal record of a party or witness, and the expected testimony of a party or witness;
3. matters that counsel know, or reasonably should know, will be inadmissible at trial, and would if disclosed create a substantial risk of prejudicing an impartial trial;
4. with the exception of Mr. Scrushy personally, any opinion as to the guilt or innocence of the defendant;

B. that participants remove from their existing webpages within seven days of this order extrajudicial comments, allegations of prosecutorial misconduct, and information concerning matters disclosed during the course of criminal discovery in this case; and

C. that Counsel for the parties avoid commenting in court papers that are not filed under seal on evidence that is irrelevant to legal matters at issue therein.

The court further ORDERS that all courthouse personnel, including marshals, deputy marshals, guards, court clerks, deputy clerks, law clerks, secretaries, bailiffs and court reporters, shall under no circumstance disclose to any person, without express authorization by the court, information relating to this case that is not part of the public records of this court. This order specifically forbids the divulgence of information concerning arguments and hearings held in chambers or otherwise outside the presence of the public.

Nothing set forth above shall prohibit any of the above parties from stating the following **without elaboration or any kind of characterization whatsoever:**

2

1. the general nature of an allegation or defense made in this case;

2. information properly contained in the public record of this case;

3. scheduling information; or

4. any decision made or order issued by the court that is a matter of public record.

The following definitions shall apply to this Protective Order:

(a) "Participants" shall mean all counsel for both the defendant and the United States; the defendant; investigators and employees for both the defense and the federal Government who are involved in any way in this case; and any family members of the defendant who have received information pursuant to disclosures by the Government under *Brady* and Rule 16 of the Federal Rules of Criminal Procedure;

(b) "The media and public" shall include, but not be limited to, print, television, and radio media, as well as any webpages of the parties;

(c) "Disseminating information" includes commenting, writing letters, memoranda, or other documents, providing documents to the media and public, and posting extrajudicial comments to webpages;

(d) "Extrajudicial" means not forming a valid part of open legal proceedings in the case;

(e) "Comment" means any written or oral statement, observation, remark, interpretation, or explanation expressing an opinion, attitude, or judgment.

The court charges counsel with providing other participants and potential witnesses with copies of this order and explaining to them the full intent of this order. The participants are

3

cautioned that any failure to strictly comply with the terms and spirit of this agreement can result in sanctions against the offending individual including contempt of court, and may result in a more strenuous restrictive "no comment" order being imposed.

DONE and ORDERED this 13th day of April, 2004.

*Karon O. Bowdre*
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

4