# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re HEALTHSOUTH CORPORATION** | ) | **MASTER FILE** |
| **SECURITIES LITIGATION,** | ) | **Consolidated Case No.** |
| | ) | **CV-03-BE-1500-S** |
| **This Document Relates to: All Actions** | ) | |
| _____ | ) | |
| | | |
| **In re HEALTHSOUTH CORPORATION** | ) | |
| **STOCKHOLDER LITIGATION,** | ) | |
| | ) | **Consolidated Case No.** |
| | ) | **CV-03-BE-1501-S** |
| **This Document Relates to: All Actions** | | |

## MEMORANDUM OPINION AND ORDER

## I. PROCEDURAL HISTORY AND INTRODUCTION

On October 4, 2004, Oracle Partners, LP, the lead plaintiffs in this action since January 28, 2004,[1] moved to be relieved of that responsibility. In response, four entities or groups of entities originally petitioned the court to be appointed as lead plaintiffs. After extensive briefing, a hearing on the appointment of lead counsel for the stockholder class was held on January 14, 2005. Both during and after the hearing, some shifting of alignment occurred. Initially, the parties seeking to become lead plaintiffs claimed losses were as follows:

(1) The group with the largest total, cumulative losses is the Public Pension Funds,[2]

---

[1] On June 24, 2003, the court consolidated the 1998, 2002, and 2003 cases (consolidated securities class action) and appointed Orbitex and Oracle as lead plaintiffs for the Stockholder class. Approximately seven months later on January 28, 2004, the court removed Orbitex as co-lead plaintiff on the motion of Orbitex.

[2] The Public Pension Fund is composed of (1) The Retirement Systems of Alabama; (2) The Arkansas Teacher Retirement System; (3) the Public Employees' Retirement System of Mississippi; (4) The Louisiana Municipal Police Employees' Retirement System. The parties would ask the Public

1

consisting of five total entities, who allege that they collectively lost approximately $56,389,084.83 in stocks and bonds.

(2) The entity with the next largest loss is the State Treasurer of Michigan,[3] who claims a collective loss of approximately $32,844,146 dollars.

(3) The entity with the third largest loss is the New Mexico State Funds[4] with total estimated losses of $14,207,965.

(4) The group with the fourth largest loss is the Pension Fund Group (Central States Group),[5] which are comprised of five entities and one individual.

Immediately before the January 14, 2005 hearing, the Public Pension Funds entered into a stipulation with the State Treasurer of Michigan wherein the two agreed that Michigan and the Retirement Systems of Alabama ("RSA") would serve as co-lead plaintiffs with the Arkansas Teacher Retirement Systems, the Public Employees' Retirement System of Mississippi, the Louisiana Municipal Police Employees' Retirement System, and the Public Employees' Retirement Association of Colorado serving as designated class representatives.

After the court discussed the claims of the three reorganized groups and took a lunch

---

Employees' Retirement Association of Colorado to serve as the designated class representative.

[3]The Treasurer has the authority to manage the following retirement programs: (1) Michigan Public School Employees Retirement System; (2) Michigan State Police Retirement System; (3) Michigan Judges Retirement System.

[4]This entity is composed of the New Mexico State Investment Council and the Educational Retirement Board of New Mexico.

[5]This group of pension funds will be referred to as the "Central States Group" to avoid confusion with the Public Pension Funds groups. These funds are collectively composed of Central States, Southeast and SouthWest Areas Pension Fund, Plumbers & Pipefitters National Pension Fund, Employer Teamsters Local Nos. 175 & 505 Pension Trust Fund, National Asbestos Workers Pension Fund, and Julius McQueen, one of the original plaintiffs in the 1998 case.

break, the petitioners morphed into two groups. New Mexico joined with the Central States Group to oppose the appointment of the Public Pension Funds Group as lead plaintiffs on conflict grounds, and to offer continuity of representation. This change of lead plaintiffs marks the third such transition since the 1998, 2002, and 2003 securities class actions were consolidated.

## II. DISCUSSION

Under the PSLRA, the "most adequate," or lead plaintiff is presumptively the plaintiff who (1) filed an initial complaint or timely moved for appointment as lead plaintiff; (2) has the largest financial interest in the case; and (3) otherwise satisfies the requirements of Rule 23, describing the requirements for class actions generally. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc).

The PSLRA also sets up a rebuttable presumption that the plaintiff with the largest stake in the controversy will be the person with the largest financial interest and the person most capable of serving as lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii). That the presumption is rebuttable does not mean that it may be set aside for any reason that the court may deem sufficient. Rather, the statute provides that the presumption "may be rebutted only upon proof . . . that the presumptively most adequate plaintiff" does not satisfy the adequacy or typicality requirements of Rule 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

Typicality is satisfied where the claims arise from the same conduct from which the other class members' claims and injuries arise. *See generally, In re Healthsouth Corp. Sec. Litig.*, 213 F.R.D. 447, 458 (N.D. Ala. 2003) (describing the general criterion within the context of R. 23). The adequacy requirement is satisfied where (1) class counsel is qualified, experienced, and

generally able to conduct the litigation; (2) the class members' interests are not antagonistic to one another; and (3) the class has a sufficient interest in the outcome of the case to ensure vigorous advocacy. *Id.,* at 460-461.

However, the PSLRA is entirely silent on the proper procedure for substituting a new lead plaintiff when the one previously certified withdraws. *See In re Initial Public Offering Sec. Litig.*, 214 F.R.D. 117, 120 (S.D.N.Y. 2002) (commenting on the statutory deficiency). While some have advocated that the court need not be constrained by the PSLRA in appointing replacement lead plaintiffs, and instead should take a pragmatic approach that focuses on continuity and the best interest of the class,[6] the court can find no authority to depart from the statutory factors established for selection of lead plaintiff. Thus, the court recognizes that the *presumptive* lead plaintiff would be the Public Pension Fund Group, joined by Michigan, based on the amount of loss sustained by these institutional investors. The Central States/New Mexico Group, thus, falls in second place.

The court previously stated its concerns – concerns that have been prevalent since the class action certification hearing in the 1998 cases – about conflicts of interest among the various groups of class members who have suffered losses at various times because of different factual and legal theories.[7] Those concerns, which are unique to the facts of this case, led the court to designate different counsel to represent the various groups who may have competing interests in the consolidated case.[8] Concerns about different legal bases and potential competing claims led

---

[6]*See* Briefs submitted by the Central States Group, docs. #305-#307, & #322.

[7]*See In re Healthsouth Corp. Sec. Litig.*, 213 F.R.D. 447, 458-463 (N.D. Ala. 2003).

[8]*See* doc. #1, entered by the court on June 24, 2003.

the court to keep the bondholders class action separate from the stockholders cases, but consolidated for discovery purposes. The Retirement System of Alabama serves as lead plaintiff of the bondholders suit.[9]

Counsel for RSA repeatedly urged that RSA would have no conflict of interest in serving as lead plaintiff of the bondholder suit and co-lead plaintiff of the stockholder suit with its counsel serving as lead counsel of both. To allay the court's concerns, RSA sought out Michigan to join with it, and presumably the other Public Pension Funds,[10] with a representation that should a conflict arise, Michigan would "have the final say" and be "first among equals."[11] The court remains unconvinced that such an arrangement meets the requirements of Fed. R. Civ. P. 23.

While counsel for RSA has been involved at every stage of the 2003 bondholder cases (but not with the 1998 and 2002 stockholder cases) and could provide some continuity in representation, a seamless transition to new lead plaintiff cannot be this court's primary concern. If it were, the Central States Group alone would have been the proper lead plaintiff. The court foresees a very real tension between the interests of the bondholder class and stockholder class, with their differing legal and factual theories. The court also has concerns that domination of both class actions by the same lead plaintiff does not best serve the interests of the class as a whole. Therefore, the court rejects the application of RSA to be lead, or co-lead plaintiff with Michigan, based on the backing of the Public Pension Funds Group.

---

[9]*Id.*

[10]New Mexico is not a member of the Public Pension Funds group, but seeks appointment as co-lead plaintiff with the Central States Group.

[11]January 14, 2005 Hearing Transcript, p. 26.

5

The court owes a fiduciary duty to the class as a whole to see that the interests of all groups receive adequate representation. The court, therefore, cannot ignore what it perceives as serious potential conflicts with the simple representation that "everything will work itself out in the end," or that such concerns are "red herrings." At the hearing, various alignments were discussed, but counsel speaking for RSA and Michigan vehemently protested against any "forced marriage" of co-lead plaintiffs.

While the court might prefer to rearrange the members of the competing groups to create a lead plaintiff group that could qualify as presumptive lead plaintiff under PSLRA based on loss amount *and* meet the adequacy and typicality requirements of Rule 23, it will heed the admonishment to avoid a forced marriage. Because the presumptive lead plaintiffs fail to comply with the standards of Rule 23, and the Central States/New Mexico Group can meet those requirements as well as demonstrate a substantial loss, the court finds that the Central States and The New Mexico Group are the appropriate lead plaintiffs for the stockholders class action. Therefore, the court hereby APPOINTS Central States/New Mexico Group as co-lead plaintiffs for the stockholder class action.

The new co-lead Plaintiffs are hereby ORDERED to report to the court concerning the following by **July 18, 2005**:

(1) designation of lead counsel and local counsel;

(2) fee arrangement for lead counsel and other counsel participating in the stockholder class action;

(3) designation of any members of the Group as class representatives; and

(4) whether they will adopt the amended complaint and supporting briefs filed by the

prior lead plaintiff, which the court encourages.  If co-lead Plaintiffs adopt the amended complaint, upon such designation, the Defendants will have 10 days in which to file their reply briefs.[12]

      DONE and ORDERED this 8th day of July, 2005.

*[signature: Karon O. Bowdre]*

KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE

---

[12]*See* doc. # 320.