FILED
2009 Sep-21  PM 02:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION | ) ) ) ) | Master File No. CV-03-BE-1500-S |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |
| In re HEALTHSOUTH CORPORATION STOCKHOLDER LITIGATION | ) ) ) ) | Consolidated Case No. CV-03-BE-1501-S |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |
| In re HEALTHSOUTH CORPORATION BONDHOLDER LITIGATION | ) ) ) ) | Consolidated Case No. CV-03-BE-1502-S CLASS ACTION |
| This Document Relates To: | ) ) | |
| ALL ACTIONS. | ) ) ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
DETERMINATION REGARDING ELIGIBILITY OF CERTAIN CLAIMANTS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ......................................................................... 1

II.   CONTESTED CLAIMS ............................................................... 4

    A.    Frank E. Gordon (Claim Numbers 66223 and 71630) ......................... 4

    B.    Gail Gordon Jacobs (Claim Number 74219) ........................................ 4

    C.    Julie S. Gordon (Claim Number 61785) .............................................. 5

    D.    Robert A. Gordon (Claim Numbers 51092, 58552, 61787 and 71034) .......................................................................................... 5

    E.    Jeffrey M. Jacobs (Claim Numbers 61786 and 61789) ........................ 5

    F.    Alan J. Eisenman (Claim Numbers 67307, 69824, 69828, 97927 and 99456) ................................................................................. 6

    G.    Sherrie Gordon Eisenman (Claim Numbers 68545, 69827, 77757, 97876, 97928 and 99457) ........................................................ 7

III.  ARGUMENT .............................................................................. 8

IV.   CONCLUSION ............................................................................ 12

# TABLE OF AUTHORITIES

Page

## CASES

*Fabricant v. Sears Roebuck,*
   202 F.R.D. 306 (S.D. Fla. 2001) ..................................................................... 9

*Fisher v. Ciba Specialty Chems. Corp.,*
   238 F.R.D. 273 (S.D. Ala. 2006) ..................................................................... 9

*In re Chiang,*
   385 F.3d 256 (3d Cir. 2004) ............................................................................ 9

*LaBauve v. Olin Corp.,*
   231 F.R.D. 632 (S.D. Ala. 2005) ..................................................................... 9

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
   §80a-2(19) ........................................................................................................ 11

Federal Rules of Civil Procedure
   Rule 23 ............................................................................................................... 9

17 C.F.R.
   §210.9-03(7)(e)(4) ......................................................................................... 11
   §229.404 .............................................................................................. 3, 10, 11

## SECONDARY AUTHORITIES

*Manual for Complex Litigation* (4th ed. 2004)
   §21.222 .................................................................................................... 9, 10

## I.    INTRODUCTION

Stockholder Lead Plaintiffs and Bondholder Lead Plaintiff (the "Lead Plaintiffs") submit this Memorandum in support of their Motion for Determination Regarding Eligibility of Certain Claimants.

On January 11, 2007, the court entered a Partial Final Judgment and Order of Dismissal with Prejudice approving a settlement with HealthSouth Corporation ("HealthSouth") and certain other defendants (the "Partial Final Judgment"). The claims administration process – the necessary precursor to distributions to Class Members – is now nearing completion.    Claimants whose claims will be recommended for rejection in their entirety or in part have been advised of their right to ask for judicial review of that determination.    There are currently 576 claimants who, for multiple reasons, have requested such review. Lead Plaintiffs' Counsel and the Claims Administrator are communicating with these claimants in an attempt to resolve as many of the disputes as possible. To the extent that they are not successful, a subsequent motion to reject these claims will be filed with the court. There is, however, one discrete category of claimants whose dispute has been addressed but cannot be resolved without judicial intervention – persons whose claims have been rejected because they are immediate family members of a Defendant. This motion addresses those disputed claims.

In the Partial Final Judgment, the court certified a Bondholder Class and a Stockholder Class. The definition of each class specifically excluded "members of the

- 1 -

immediate family of the Defendants."[1]  (A copy of the Partial Final Judgment is
attached as Exhibit A to the Declaration of Joy Ann Bull in Support of Motion for
Determination Regarding Eligibility of Certain Claimants ("Bull Decl.") filed
herewith.)  There is no dispute as to the familial relationship of these claimants with
Defendants.  Rather, as set forth below, these claimants assert that, notwithstanding
their relationship to the Defendants and the definitions of the classes, their claims
should, nonetheless, be allowed based on their representations that their investment
decisions regarding HealthSouth were made independently of, and involved no
interaction with, any Defendant.

---

[1]     The court-approved definition of the Bondholder Class is "all Persons who purchased or
otherwise acquired HealthSouth bonds, notes or other debt instruments during the period between
March 31, 1998 and March 18, 2003, inclusive, including all Persons who purchased or otherwise
acquired debt securities of HealthSouth pursuant or traceable to the Integrated Public Offerings or in
the secondary market.  Excluded from the Bondholder Class are the Defendants, *members of the
immediate family of the Defendants*, the directors, officers, subsidiaries and affiliates of
HealthSouth, any person, firm, trust, corporation, officer, director or other individual or entity in
which any Defendant has a controlling interest, and the legal representatives, affiliates, heirs,
successors-in-interest, or assigns of any such excluded party.  Also excluded from the Bondholder
Class are those Persons who timely and validly request exclusion from the Bondholder Class
pursuant to the Notice of Pendency and Proposed Settlement of Class Action."  Partial Final
Judgment at ¶3 (emphasis added).

        Similarly, the court-approved definition of the Stockholder Class is "all Persons who
purchased or otherwise acquired the stock or options of HealthSouth, including HealthSouth
securities received in exchange for the stock or options of certain other companies acquired by
HealthSouth between April 24, 1997 and March 18, 2003, inclusive.  Excluded from the Class are
the Defendants, *members of the immediate family of the Defendants*, the directors, officers,
subsidiaries and affiliates of HealthSouth, any person, firm, trust, corporation, officer, director or
other individual or entity in which any Defendant has a controlling interest, and the legal
representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded party.  Also
excluded from the Stockholder Class are those Persons who timely and validly request exclusion
from the Stockholder Class pursuant to the Notice of Pendency and Settlement of Class Action."  *Id.*
at ¶4 (emphasis added).

Exclusion of members of the immediate families of defendants is standard in securities class actions. (*See* Bull Decl., Ex. B (class definitions from multiple securities class actions). In addressing the issues raised by these claimants, Lead Plaintiffs instructed the Claims Administrator to apply the definition of "immediate family member" that is contained in 17 C.F.R. §229.404, which is used for reporting purposes in the context of the federal securities laws and regulations. This section provides standard instructions for submitting forms under the Securities Act of 1933 ("1933 Act") and the Securities Exchange Act of 1934 ("Exchange Act") and requires disclosure of certain transactions between the registrant and an "immediate family member" of company insiders (directors, executive officers and 5% owners). In these Instructions, "immediate family member" is defined as

> any child, stepchild, parent, stepparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law of such, . . . and any person (other than a tenant or employee) sharing the household of such [company insider] . . . .

17 C.F.R. §229.404, Instructions (1)(a)(iii) and (1)(b)(ii).

Originally forty-one claims were identified as submitted on behalf of immediate family members. When the definition in the Instructions to 17 C.F.R. §229.404 was applied, it was determined that nine of these claims should be allowed because they were solely for the benefit of the grandchildren of a Defendant – a category not included within this definition of "immediate family member." The remaining thirty-two claims on behalf of twelve claimants are recommended for exclusion as being for

- 3 -

the benefit of immediate family members of a Defendant. Seven claimants, on whose behalf twenty-one claims were submitted, dispute the proposed denial of their claims. A summary of the relevant information for each claimant who contests the proposed denial of his or her claim(s) is set forth below.

## II.   CONTESTED CLAIMS

### A.   Frank E. Gordon (Claim Numbers 66223 and 71630)

Frank E. Gordon is the son of defendant Joel C. Gordon. Frank Gordon contests the denial of his claim based on his assertion that he has been "financially independent for over 20 years" and has been "making [his] own investment decisions, while utilizing information from several publicly available resources." He concludes: "As an independent investor, who has been materially harmed by the actions of the settling parties in the HealthSouth Securities Settlement, I see no valid reason why I should not qualify to participate in this settlement." *See* Bull Decl., Ex. C.

### B.   Gail Gordon Jacobs (Claim Number 74219)

Gail Gordon Jacobs is the daughter of defendant Joel C. Gordon. Mrs. Jacobs contests the denial of her claim "on the basis I made my investment decisions from the 15 years of experience I have had as an independent investor in the equity markets." She concludes: "I see no reason, as a financially independent investor, why I do not qualify to participate in this settlement." *See* Bull Decl., Ex. D.

### C.    Julie S. Gordon (Claim Number 61785)

Julie Gordon is the daughter-in-law of defendant Joel C. Gordon. Mrs. Gordon

contests the denial of her claim "on the basis that my husband, Robert A. Gordon, has

been a registered series 7 investment advisor with major full service brokerage firms

. . . and I consult with him about my investment decisions." She also asserts: "I have

been financially independent for 20 years and have been making my own financial

decisions." She concludes: "I see no reason, as an independent investor, why I do not

qualify to participate in this settlement." *See* Bull Decl., Ex. E.

### D.    Robert A. Gordon (Claim Numbers 51092, 58552, 61787 and 71034)

Robert Gordon is the son of defendant Joel C. Gordon. Robert Gordon contests

the denial of his claims "on the basis I have been a registered series 7 investment

advisor with major full service brokerage firms . . . [and] I have been financially

independent for 25 years and have been making my own financial decisions using

each of my different firm's resources." He concludes: "I see no reason, as an

independent investor, why I do not qualify to participate in this settlement." *See* Bull

Decl., Ex. F.

### E.    Jeffrey M. Jacobs (Claim Numbers 61786 and 61789)

Jeffrey Jacobs is the son-in-law of defendant Joel C. Gordon. Jeffrey Jacobs

contests the denial of his claims "on the basis I made my investment decisions from

the 15 years of experience I have had as an independent investor in the equity

- 5 -

markets." He concludes: "I see no reason, as a financially independent investor, why I do not qualify to participate in this settlement." *See* Bull Decl., Ex. G.

### F.   Alan J. Eisenman (Claim Numbers 67307, 69824, 69828, 97927 and 99456)

Alan Eisenman is the son-in-law of defendant Joel C. Gordon. Alan Eisenman has submitted a sworn affidavit outlining his justification for including his claims as well as the claims of his wife and children in the class recovery.[2] Mr. Eisenman states that payment of these claims is "the only equitable remedy available to offset our tremendous losses as a result of our investment in HealthSouth securities." Key points made by Mr. Eisenman include:

> [1.]   During all periods relevant to these claims Joel Gordon and I deliberately and absolutely avoided any substantive conversation regarding HealthSouth's business model, market share, financial fitness and/or projected growth. . . .   We share no business on commercial affairs.
>
> [2.]   The investments that are the basis of these claims do not represent assets belonging to Mr. Gordon, and were not acquired through a gift or bequeath from Mr. Gordon.
>
> [3.]   My investment in HealthSouth securities was the result of my own conclusions regarding the suitability of the investment, and was not premised upon any information from Joel Gordon or any other non-public source.
>
> [4.]   The HealthSouth securities represented by these claims were purchased on the open market at my discretion and on my initiative.   None of these transactions were initiated because of non-

---

[2]     Based on the definition of "immediate family member" in the Instructions, the claims made on behalf of his children are being recommended for payment.

public information about the company or because of my family ties to Joel Gordon.

[5.]   Mr. Gordon's association with HealthSouth did not cause me to invest, nor did it insulate me from loss.

[6.]   [T]he application of the family exclusion to these claims amounts to an arbitrary and misdirected penalty against qualified class members who suffered significant losses that would otherwise be compensated under the securities settlement.

*See* Bull Decl., Ex. H.

### G.   Sherrie Gordon Eisenman (Claim Numbers 68545, 69827, 77757, 97876, 97928 and 99457)

Sherrie Gordon Eisenman is the daughter of defendant Joel C. Gordon.  Mrs.

Eisenman contests the denial of her claims.  The basis for her position is set forth in

her affidavit:

[1.]   During all periods relevant to these claims Joel Gordon and I deliberately and absolutely avoided any substantive conversation regarding HealthSouth's business model, market share, financial fitness and/or projected growth.

[2.]   The investments that are the basis of these claims do not represent assets belonging to Mr. Gordon, and were not acquired through a gift or bequeath from Mr. Gordon.

[3.]   My family and I invested in HealthSouth securities as a result of our independent conclusions regarding the suitability of the investments.

[4.]   My father, Joel Gordon, never disclosed any non-public information regarding HealthSouth's strategic business plan or financial fitness to me or my immediate family.

*See* Bull Decl., Ex. I.

In addition, Mrs. Eisenman's husband, Alan Eisenman, and her brother, Frank Gordon, have submitted affidavits in support of her position. *See* the points above made by Mr. Eisenman on behalf of his wife's claims and Exhibit H to the Bull Declaration. Frank Gordon is the trustee for the Sherrie Gordon Eisenman Trust, upon which claim number 68545 is based. Frank Gordon has submitted a sworn affidavit with respect to this trust, wherein he states, among other things:

[1.]   Joel C. Gordon did not offer, and at no time did I or the Trust Beneficiary request or receive, any non-public information regarding HealthSouth's business model, market share, financial fitness or projected growth.

[2.]   At all times relevant to this action Joel C. Gordon, the Trust Beneficiary, and I deliberately avoided any substantive conversations regarding HealthSouth's business model, market share, financial fitness and/or projected growth.

[3.]   The Trust's investment in HealthSouth securities was the result [of] my own conclusions as Trustee regarding the suitability of the investment, and was not premised upon any non-public information.

[4.]   Joel C. Gordon never disclosed any non-public information regarding HealthSouth's strategic business plan or financial fitness to me, the Trust Beneficiary, or our family members. Likewise, neither I nor the Trust Beneficiary has been privy to, nor have we benefited from, any non-public information regarding HealthSouth's strategic plan or financial fitness.

*See* Bull Decl., Ex. J.

## III.   ARGUMENT

Lead Plaintiffs' Counsel researched federal statutes and regulations to ensure that the most appropriate, reasonable and fair definition of immediate family member is being applied to the definitions of the classes approved by the court. Moreover, the

- 8 -

definition comports with the overriding interest in the need to have objectively identifiable classes.[3] Rule 23 requires that a class be defined according to objective criteria so that it is administratively feasible for the court to ascertain whether an individual is a member. *See Fisher v. Ciba Specialty Chems. Corp.*, 238 F.R.D. 273, 301 (S.D. Ala. 2006) (class membership should be ascertainable by objective standards without resort to individualized mini-trials); *LaBauve v. Olin Corp.*, 231 F.R.D. 632, 662 (S.D. Ala. 2005) (same); *Manual for Complex Litigation* §21.222, at 270 (4th ed. 2004) ("An identifiable class exists if its members can be ascertained by reference to objective criteria. The order defining the class should avoid subjective standards (*e.g.*, a plaintiff's state of mind)."); *In re Chiang*, 385 F.3d 256, 271 (3d Cir. 2004) ("membership in a class should rest on objective criteria that are administratively feasible for the court to rely on to determine whether a particular individual is a member of the class").

The need for objective criteria extends not only to the primary definition of a class but also to the identification of any individuals excluded from a class. *See Fabricant v. Sears Roebuck*, 202 F.R.D. 306, 309 (S.D. Fla. 2001) ("[N]othing prevents specifically excluding class members for the purpose of preserving the cohesiveness of the class. . . . So long as the exclusions preserve the objective nature

---

[3]   While Lead Plaintiffs acknowledge that these contesting claimants have lost significant sums based on their investments in HealthSouth securities, that fact is not relevant to the issue of whether they are excluded from the classes by definition.

of the class definition, persons may be excluded from the class."); *Manual for Complex Litigation, supra* §21.222, at 270 ("The order [defining the class] should use objective terms in defining persons to be excluded from the class, such as affiliates of the defendants.").

Accordingly, here, the identification of Defendants' affiliates, including their immediate family members, for exclusion from the classes should be based on simple and objective criteria, rather than an individualized and subjective analysis into the nature of the relationship or the alleged independence of a claimant's investment decisions. To that end, Lead Plaintiffs' Counsel submit that the definition in 17 C.F.R. §229.404 is the most appropriate objective definition to use in this securities class action because it is the one used for reporting purposes under both the 1933 Act and the Exchange Act, the laws upon which Lead Plaintiffs relied in bringing these actions.

Moreover, the SEC adopted the same definition of immediate family member in the related SEC action, *Securities and Exchange Commission v. HealthSouth Corporation*, CV-03-J-0615-S. In its Notice of Clarification of Plan of Allocation for Funds in SEC Action and Plan of Allocation, filed July 24, 2009, the SEC stated that

the distribution agent will use the definition of immediate family member set forth in 17 C.F.R. §229.404.[4]

For the reasons discussed herein, Lead Plaintiffs believe that the selected definition of immediate family member is the most appropriate one for these securities cases. The definition is objective and can be applied consistently across all claims without requiring the Claims Administrator to make subjective decisions with respect to the claimed basis for an individual class member's investment decisions.

There is no factual dispute about the familial relationship of each of the claimants whose claims are recommended for denial. However, the above seven individuals contest exclusion because each of them believes an exception should be made based on his or her individual circumstances. Lead Plaintiffs have provided the court with the relevant information received from each of the claimants and are serving them with this motion so they may add any other information they believe the court should consider in making a determination on these claims.

---

[4]   In addition to the definition in 17 C.F.R. §229.404, two other definitions in the federal securities laws, 17 C.F.R. §210.9-03(7)(e)(4) (disclosure of loans on balance sheets) and 15 U.S.C. §80a-2(19) (investment company interested persons), include children and children's spouses in the definitions of immediate family member. Numerous other federal statutes and regulations contain definitions of immediate family member. Virtually all of them include children and many of them include children's spouses.

## IV.   CONCLUSION

Lead Plaintiffs respectfully request the court to make a determination with respect to these twenty-one contested claims so that the claims processing can be completed and funds distributed to eligible claimants.

DATED:  September 21, 2009          Respectfully submitted,

G. DOUGLAS JONES, LLC
G. DOUGLAS JONES
1400 Park Place Tower
2001 Park Place North
Birmingham, AL  35203
Telephone:  205/731-3472
205/250-9988 (fax)

RILEY & JACKSON, P.C.
ROBERT R. RILEY, JR.
1744 Oxmoor Road
Birmingham, AL  35209
Telephone:  205/879-5000
205/879-5901 (fax)

Co-Liaison Counsel

COUGHLIN STOIA GELLER
  RUDMAN & ROBBINS LLP
PATRICK J. COUGHLIN
KEITH F. PARK
JONAH H. GOLDSTEIN
JOHN J. RICE
JAMES A. CAPUTO
DEBRA J. WYMAN


                        s/Keith F. Park
                        KEITH F. PARK

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

LABATON SUCHAROW LLP
THOMAS A. DUBBS
JAMES W. JOHNSON
JOSEPH A. FONTI
MICHAEL H. ROGERS
CRAIG A. MARTIN
140 Broadway, 34th Floor
New York, NY  10005
Telephone:  212/907-0700
212/818-0477 (fax)

Co-Lead Counsel for Co-Lead Plaintiffs

BERNSTEIN LITOWITZ BERGER &
  GROSSMANN LLP
MAX W. BERGER
JOHN P. COFFEY
ROCHELLE HANSEN


_____ s/John P. Coffey _____
JOHN P. COFFEY

1285 Avenue of the Americas, 38th Floor
New York, NY  10019
Telephone:  212/554-1400
212/554-1444 (fax)

CUNNINGHAM BOUNDS CROWDER
  BROWN & BREEDLOVE
ROBERT T. CUNNINGHAM
JOHN T. CROWDER
RICHARD DORMAN
1601 Dauphin Street
Mobile, AL  36604
Telephone:  251/471-6191
251/479-1031 (fax)

Co-Lead Counsel for Bondholder Lead
Plaintiffs

DONALDSON & GUIN, LLC
DAVID J. GUIN
TAMMY M. STOKES
The Financial Center
505 20th Street, North, Suite 1000
Birmingham, AL  35203
Telephone:  205/226-2282
205/226-2357 (fax)

Liaison Counsel for Bondholder Lead
Plaintiffs

- 13 -

O'DONOGHUE & O'DONOGHUE LLP
LOUIS P. MALONE
CHARLES W. GILLIGAN
4748 Wisconsin Avenue, N.W.
Washington, DC 20016
Telephone: 202/362-0041
202/362-2640 (fax)

CICCARELLO DEL GIUDICE &
  LAFON
MICHAEL J. DEL GIUDICE
1219 Virginia Street, East, Suite 100
Charleston, WV 25301
Telephone: 304/343-4440
304/343-4464 (fax)

Additional Counsel for Plaintiffs

S:\Settlement\Healthsouth02.set\(v2) BRIEF SETTLEMENT PROCEEDS 00058311.doc

CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2009, I electronically filed the foregoing

with the Clerk of the Court using the CM/ECF system which will send notification of

such filing to the e-mail addresses denoted on the attached Electronic Mail Notice

List, and I hereby certify that I have mailed the foregoing document or paper via the

United States Postal Service to the non-CM/ECF participants indicated on the attached

Manual Notice List.

s/ Keith F. Park
KEITH F. PARK

COUGHLIN STOIA GELLER
    RUDMAN & ROBBINS LLP
655 West Broadway, Suite 1900
San Diego, CA  92101-3301
Telephone:  619/231-1058
619/231-7423 (fax)

E-mail:        keithp@csgrr.com

# Mailing Information for a Case 2:03-cv-01500-KOB-TMP

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Richard Martin Adams**
  parkman@parkmanlawfirm.com

- **Richard F Albert**
  ralbert@maglaw.com

- **Robert J Anello**
  ranello@maglaw.com

- **William P Ashworth**
  washworth@wc.com

- **W Michael Atchison**
  wma@starneslaw.com

- **David C Austin**
  daustin@maglaw.com

- **Patrick J Ballard**
  pat@ballardlawoffice.com

- **Edward J Bennett**
  ebennett@wc.com

- **Max W Berger**
  mwb@blbglaw.com

- **Stanley D Bernstein**
  Bernstein@bernlieb.com

- **Jeffrey R Blackwood**
  jblackwood@babc.com

- **Carmine D Boccuzzi**
  cboccuzzi@cgsh.com

- **Bruce R Braun**
  bbraun@winston.com

- **Charles F Brega**
  cbrega@lindquist.com

- **Vincent Briganti**
  vbriganti@ldbs.com

- **Scott S Brown**
  scottbrown@maynardcooper.com

- **Hope T Cannon**
  hcannon@babc.com

- **James A Caputo**
  jimc@csgrr.com

- **Derek Chan**
  dchan@lswlaw.com

- **Michael J Chepiga**
  mchepiga@stblaw.com

- **John P Coffey**
  sean@blbglaw.com

- **Betsy P Collins**
  bcollins@burr.com

- **Bryan E Comer**
  bec@cbcbb.com

- **J Erik Connolly**
  econnolly@winston.com

- **Julia Boaz Cooper**
  jbcooper@babc.com

- **Patrick C Cooper**
  darceneaux@maynardcooper.com

- **Patrick J Coughlin**
  patc@csgrr.com

- **John T Crowder , Jr**
  jtc@cbcbb.com

- **Robert T Cunningham , Jr**
  rtc@cunninghambounds.com

- **Stephen D Dargitz**
  sdargitz@skadden.com

- **Charles A Dauphin**
  cdauphin@bddmc.com

- **Manuel J Dominguez**
  jdominguez@bermanesq.com

- **David R Donaldson**
  DavidD@dglawfirm.com

- **Richard T Dorman**
  rtd@cbcbb.com

- **Russell Jackson Drake**
  ecf@whatleydrake.com

- **Wayne W Drinkwater**
  jaltobelli@babc.com

- **Thomas A Dubbs**
  tdubbs@labaton.com

- **Robert D Eckinger**
  robert.eckinger@arlaw.com

- **Jay M Ezelle**
  JME@starneslaw.com

- **Steven M Farina**
  sfarina@wc.com

- **Joseph A Fawal**
  jfawal@bellsouth.net

- **H L Ferguson , Jr**
  hlf@ffdlaw.com

- **Thomas Fitzpatrick**
  tfitzpatrick@tfitzpatrick.com

- **Robert Fleishman**
  rfleishm@steptoe.com

- **Joseph A Fonti**
  jfonti@labaton.com

- **Samuel H Franklin**
  sfranklin@lfwlaw.com

- **Brian Thomas Frawley**
  frawleyb@sullcrom.com

- **Lauren C Freundlich**
  lfreundlich@lswlaw.com

- **Henry I Frohsin**
  henry@frohsinbarger.com

- **Stephen J Fuzesi**
  sfuzesi@wc.com

- **Galloway & Somerville, LLC**
  jqs@gallowaysomerville.com

- **Daniel M Gitner**
  dgitner@lswlaw.com

- **Robert J Giuffra**
  giuffrar@sullcrom.com

- **Paul Gluckow**
  pgluckow@stblaw.com

- **Beata Gocyk-Farber**
  Beata@blbglaw.com

- **Jonah H Goldstein**
  jonahg@csgrr.com

- **James L Goyer , III**
  jgoyer@maynardcooper.com

- **Helen A Gredd**
  hgredd@lswlaw.com

- **David J Guin**
  davidg@dglawfirm.com

- **Jeffrey M Haber**
  haber@bernlieb.com

- **Anthony C Harlow**
  ach@starneslaw.com

- **J Mark Hart**
  jmh@hsy.com

- **Frederick G Helmsing**
  fgh@helmsinglaw.com

- **James F Henry**
  jhenry@babc.com

- **James F Hughey , III**
  jhughey@lightfootlaw.com

CM/ECF - U.S. District Court Northern District of Alabama        Page 5 of 9
Case 2:03-cv-01500-ROB-TMP   Document 1826   Filed 09/21/09   Page 23 of 28

- **Susan E Hurd**
  shurd@alston.com

- **B. Keith Jackson**
  kj@rileyjacksonlaw.com

- **James W Johnson**
  jjohnson@labaton.com

- **John M Johnson**
  jjohnson@lightfootlaw.com

- **G Douglas Jones**
  gdj@hsy.com

- **Robin H Jones**
  RHJ@starneslaw.com

- **Julia M Jordan**
  jordanjm@sullcrom.com

- **Sheilah M Kane**
  skane@cgsh.com

- **Francis P Karam**
  fkaram@gelaw.com

- **Lindsay N Kendrick**
  kendrickl@sullcrom.com

- **Allison R Kimmel**
  akimmel@stblaw.com

- **Jennifer Y Lai**
  jlai@csgrr.com

- **Alan D Leeth**
  aleeth@burr.com

- **Jeffrey N Leibell**
  jeffl@blbglaw.com

- **Nathan R Lindell**
  nlindell@csgrr.com

- **Ryan A Llorens**
  ryanl@csgrr.com

- **Don B Long , Jr**
  dbl@johnstonbarton.com

- **Mitchell A Lowenthal**
  mlowenthal@cgsh.com

- **Kallie C Lunsford**
  kallie@rileyjacksonlaw.com

- **Enu Mainigi**
  emainigi@wc.com

- **Craig A Martin**
  cmartin@labaton.com

- **Alan Daniel Mathis**
  adm@johnstonbarton.com

- **Erskine Ramsey Mathis**
  erskinelaw@aol.com

- **Lauren A McMillen**
  laurenm@blbglaw.com

- **Debra M Mestre**
  Mestregfc@aol.com

- **Judith L Mogul**
  jmogul@maglaw.com

- **Kan M Nawaday**
  knawaday@lswlaw.com

- **James L O'Kelley**
  jimokelley@bellsouth.net

- **Stephen C Olen**
  sco@cbcbb.com

- **Keith F Park**
  keithp@csgrr.com

- **James W Parkman , III**
  parkman@parkmanlawfirm.com

- **Adam L Pollock**
  apollock@maglaw.com

- **Michael J Pucillo**
  mpucillo@bermanesq.com

- **Maxwell H Pulliam**
  MHPulliam@csattorneys.com

- **Teresa T Pulliam**
  ttpulliam@msn.com

- **Barry A Ragsdale**
  bragsdale@sirote.com

- **M Clay Ragsdale , IV**
  clay@ragsdalellc.com

- **C Lee Reeves**
  lreeves@sirote.com

- **John J Rice**
  jrice@csgrr.com

- **Robert R Riley , Jr**
  rob@rileyjacksonlaw.com

- **Michael P Roche**
  mroche@winston.com

- **Daniel O Rodgers**
  dor@ffdlaw.com

- **Michael H Rogers**
  mrogers@labaton.com

- **Victoria Radd Rollins**
  vrollins@wc.com

- **Nancy I Ruskin**
  nruskin@cgsh.com

- **Robert H Rutherford , Jr**
  RRutherf@Burr.com

- **Michael Sansbury**
  msansbury@spotswoodllc.com

- **Robert S Saunders**
  rsaunder@skadden.com

- **Andrew M Schatz**
  firm@snlaw.net

- **Jeffrey T Scott**
  scottj@sullcrom.com

- **Anne Marie Seibel**
  aseibel@babc.com

- **Neil L Selinger**
  nselinger@ldbs.com

- **Maryanne Sexton**
  msexton@maglaw.com

- **Jackson R Sharman , III**
  jsharman@lfwlaw.com

- **Kenneth O Simon**
  KOS@csattorneys.com

- **Henry E Simpson**
  henry.simpson@arlaw.com

- **J Callen Sparrow**
  jcsparrow@hgdlawfirm.com

- **Beth A Stewart**
  bstewart@wc.com

- **Tammy McClendon Stokes**
  tstokes@dglawfirm.com

- **Stephen A Strickland**
  sstrickland@rjaffelaw.com

- **Lawrence A Sucharow**
  lsucharow@labaton.com

- **Michael T Tomaino**
  tomainom@sullcrom.com

- **William H Wagener**
  wagenerw@sullcrom.com

- **Dan K Webb**
  dwebb@winston.com

- **Edward P Welch**
  ewelch@skadden.com

- **Joe R Whatley , Jr**
  ecf@wdklaw.com

- **William Calvin White , II**
  wwhite@parkmanlawfirm.com

- **Laurent S Wiesel**
  wiesell@sullcrom.com

- **Thomas P Windom**
  twindom@wc.com

- **Nicole E Wrigley**
  nwrigley@winston.com

- **Debra J Wyman**
  debraw@csgrr.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

```
Eric Green
RESOLUTIONS LLC
222 Berkeley Street
Boston, MA 02116

Richard M. Scrushy
c/o Arthur W. Leach
2310 Marin Drive
Birmingham, AL 35243
```

**Manual Notice List**

Gary H. Baise
Baise & Miller, P.C.
1020 19th Street, N.W., Suite 400
Washington, DC 20036
    202/331-9100
    202/331-9060 (Fax)

Michael A. Cox, Attorney General
Michigan Department Of Attorney General
G. Mennen Williams Building, 7th Floor
525 West Ottawa Street
Lansing, MI 48909
    517/373-1110
    517/373-3044 (Fax)

Thomas R. Leuba
Sullivan & Cromwell LLP
1701 Pennsylvania Ave., N.W., Suite 800
Washington, DC 20006-5805
    202/956-7500
    202/293-6330 (Fax)

Michael J. Del Giudice
Ciccarello Del Giudice & LaFon
1219 Virginia Street, East, Suite 100
Charleston, WV 25301
    304/343-4440
    304/343-4464 (Fax)

Andrew J. Entwistle
Robert N. Cappucci
Johnston de F. Whitman, Jr.
Entwistle & Cappucci LLP
280 Park Avenue, 26th Floor West
New York, NY 10171
    212/894-7200
    212/894-7272 (Fax)

Patrick A. Klingman
Seth R. Klein
Izard Nobel LLP
29 South Main Street, Suite 215
West Hartford, CT 06107
    860/493-6292
    860/493-6290 (Fax)

Louis P. Malone
Charles W. Gilligan
O'Donoghue & O'Donoghue
4748 Wisconsin Avenue, N.W.
Washington, DC 20016
    202/362-0041
    202/237-1200 (Fax)

Alan Eisenman
5213 Braeburn Dr.
Bellaire, TX 77401

Frank Edward Gordon
121 Abbeywood Drive
Nashville, TN 37215

Gail Gordon Jacobs
404 Wilsonia Ave.
Nashville, TN 37205

Jeffrey M. Jacobs
404 Wilsonia Ave.
Nashville, TN 37205

Julie S. Gordon
3102 West End Ave., Ste 650
Nashville, TN 37203

Robert A. Gordon
3102 West End Ave, Suite 650
Nashville, TN 37203

Sherrie Gordon Eisenman
5213 Braeburn Drive
Bellaire, TX 77401