# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION | Master File No. CV-03-BE-1500-S |
| This Document Relates To: All Actions. | |
| In re HEALTHSOUTH CORPORATION STOCKHOLDER LITIGATION | Consolidated Case No. CV-03-BE-1501-S |
| This Document Relates To: All Actions. | |
| In re HEALTHSOUTH CORPORATION BONDHOLDER LITIGATION | Consolidated Case No. CV-03-BE-1502-S |
| This Document Relates To: All Actions. | <u>CLASS ACTION</u> |

**ORDER**

This case is before the court on "Motion for Determination Regarding Eligibility of Certain Claimants" (doc. 1625). In that motion and accompanying brief, Lead Plaintiffs asked the court to resolve a dispute concerning the eligibility of seven relatives of Defendant Joel Gordon ("the Gordon Claimants") to share in the settlement proceeds. In response, the court has received "Memorandum in

1

Support of Claimants' Request to Participate in Settlement, and in Opposition to Lead Plaintiffs' Motion for Determination Regarding Eligibility of Certain Claimants" (doc. 1641). At the court's invitation, the Lead Plaintiffs replied to that memorandum (doc. 1649).

The court-approved definitions of the Bondholder Class and the Stockholder Class expressly exclude "members of the immediate family of the Defendants." (Partial Final Judgment, doc. 584 at ¶¶ 3 & 4). Neither the Partial Final Judgment nor the documents filed in conjunction with it define the term "immediate family member." Accordingly, Lead Plaintiffs instructed the Claims Administrator to apply the definition of "immediate family member" that is contained in 17 C.F.R. § 229.404:

> any child, stepchild, parent, stepparent, spouse, sibling, mother-in-law, father-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law of such, . . . and any person (other than a tenant or employee) sharing the household of such [company insider] . . . .

17 C.F.R. § 229.404, Instruction 1(a)(iii) and 1(b)(ii). As Lead Plaintiffs point out, this definition is used for reporting purposes under both the 1933 Act and Exchange Act, and the SEC adopted this definition in the related SEC action, *Securities and Exchange Comm'n v. HealthSouth Corp.*, CV-03-J-0615-S.

If the court were to approve this definition, no dispute exists that the seven

claimants in question fall under it; the "Gordon Claimants do not contest that they are the children and children in law of Joel C. Gordon, a 'Released Party' under the settlement."[1] (doc. 1641, at 2). Acknowledging their familial relationship with Defendant Gordon, they nevertheless ask the court to use its inherent equitable power to modify the terms of the class action settlement by excepting them from the "immediate family members" exclusion and allowing them to participate in the settlement. None of the Gordon Claimants came forward after receipt of the Notice of Pendency and Proposed Partial Settlement of Class Action to contest his or her exclusion from the proposed class definitions nor did the Gordon Claimants object to the proposed Plan of Allocation.

Having carefully considered all of the submissions, the court rules as follows:

- The court GRANTS the Lead Plaintiffs' "Motion for Determination Regarding Eligibility of Certain Claimants" (doc. 1625);

- The court APPROVES the definition of "immediate family member"

---

[1] The Gordon Claimants are: Defendant Joel Gordon's sons (Frank E. Gordon - claim numbers 66223 and 71630; and Robert A. Gordon - claim numbers 51092, 58552, 61787 and 71034); daughters (Gail Gordon Jacobs - claim number 74219; and Sherrie Gordon Eisenman - claim numbers 68545, 69827, 77757, 97876, 97928, and 99457); sons-in-law (Jeffrey M. Jacobs - claim numbers 61786 and 61789; and Alan J. Eisenman - claim numbers 67307, 69824, 97927, and 99456) and daughter-in-law (Julie S. Gordon - claim number 61785).

that is contained in 17 C.F.R. § 229.404 for application in this case to determine which claimants are eligible to participate in the settlement proceeds; the court finds that this definition is appropriate in a securities case such as this; is objective; and can be applied consistently across all claims.

- The court FINDS that the Gordon Claimants fall within the definition of "immediate family members" of Defendant Joel Gordon.

- The court FINDS that the decision of the Claims Administrator to exclude the Gordon Claimants from participation in the settlement was proper.

- The court FINDS that the Gordon Claimants have made an insufficient showing to invoke the court's equity powers.

- Therefore, the court HOLDS that the Gordon Claimants are not eligible to participate in the settlement proceeds.

DONE and ORDERED this 17th day of November, 2009.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE