FILED

2010 Apr-22  PM 07:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION | ) ) ) ) | Master File No. CV-03-BE-1500-S |
| This Document Relates To: | ) ) ) | CLASS ACTION |
| *In re HealthSouth Corporation Bondholder Litigation*, Consolidated Case No. CV-03-BE-1502-S. | ) ) ) ) ) | STIPULATION OF SETTLEMENT WITH ERNST & YOUNG LLP |

This Stipulation of Settlement with Ernst & Young LLP ("E&Y" or "Settling Defendant"), dated as of April 22, 2010 (the "Stipulation" or "Settlement"), is made and entered into by and among the following Settling Parties (as defined further in Section IV hereof) to the above-entitled action (the "Bondholder Action"): (i) Bondholder Lead Plaintiff (on behalf of itself and each of the E&Y Bondholder Class Members as defined below), by and through its counsel of record in the Bondholder Action; and (ii) E&Y, by and through its counsel of record in the Bondholder Action (collectively with Bondholder Lead Plaintiff, the "Settling Parties"). The Stipulation is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.  This Stipulation does not release any claims of the Bondholder Class against the Non-Settling Defendant(s) or any claims of the Stockholder Class, Derivative Plaintiffs and/or HealthSouth Corporation.  This Stipulation also does not, and is not intended to, change or modify any of the terms of the Stipulation of Partial Settlement, filed with the Court on September 26, 2006 (the "HealthSouth Settlement"), and/or the Stipulation of Settlement with the UBS Defendants dated April 22, 2010 (the "UBS Defendants Settlement").

## I.   THE LITIGATION

Currently pending before the United States District Court for the Northern District of Alabama (the "Court") is a consolidated action on behalf of all persons who, between July 30, 1999 and March 18, 2003, purchased or otherwise acquired bonds, notes or other debt instruments issued by HealthSouth Corporation ("HealthSouth") (the "Bondholder Class") and a separate consolidated action on behalf of a stockholder class of all persons who purchased or otherwise acquired the stock or options of HealthSouth during the period between April 24, 1997 and March 18, 2003.

Bondholder Lead Plaintiff is the Retirement Systems of Alabama ("RSA").

Lead Counsel for the Bondholder Class are Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") and Cunningham Bounds LLC (f/k/a Cunningham, Bounds, Crowder, Brown & Breedlove, LLC), and appointed Bondholder Class Liaison Counsel is Donaldson & Guin, LLC.

The operative complaints in the Bondholder Action are the Joint Third Amended Consolidated Class Action Complaint for Violations of Federal Securities Laws [Factual Basis], filed April 30, 2007; and the Third Consolidated Amended Class Action Complaint for Violations of the Federal Securities Laws [Legal Theories and Claims], filed by the Bondholder Class on April 30, 2007 (together, the "Complaint"). The Complaint alleges violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934, and Rule 10b-5 promulgated thereunder by the SEC, and §§11 and 15 of the Securities Act of 1933. The Complaint names as Defendants HealthSouth's founder and former Chief Executive Officer, Richard M. Scrushy, HealthSouth's former outside accountants, E&Y, one of the Company's investment banks, UBS Warburg LLC (now d/b/a UBS Securities LLC), together with a UBS affiliated entity, UBS AG (together "UBS"), and three individuals who were employees of UBS during the relevant time period.

The Complaint alleges, among other things, that during the relevant period, at the direction of senior HealthSouth management, Defendants implemented a scheme to falsify HealthSouth's financial statements in order to meet or exceed Wall Street expectations and to issue HealthSouth Bonds to finance that alleged fraudulent scheme.

On September 15, 2004, all non-stayed Defendants moved to dismiss the Complaint in its entirety. Bondholder Lead Plaintiff filed oppositions to the motions to dismiss in November 2004. Defendants filed reply briefs in support of their motions to dismiss on September 16,

2005.  Hearings on the motions were held on January 18, 2006, February 9, 2006, June 27, 2006 and January 23, 2007.

Between March 2006 and September 2007, the Court issued orders granting and denying Defendants' motions to dismiss.  With regard to E&Y, on June 30, 2006, the Court partially granted and denied its motion to dismiss the Bondholder Action on statute of limitations grounds.  In accordance with that Order, the Bondholder Class claims against E&Y begin on March 30, 2000.  On that same day, the Court denied the remainder of E&Y's motion to dismiss the Bondholder Class's claims.

In early 2006, Bondholder Lead Plaintiff, together with the lead plaintiffs representing the Stockholder Class, negotiated a settlement valued at that time at $445 million with HealthSouth and several of HealthSouth's former officers and directors.  A Stipulation of Partial Settlement was filed with the Court on September 26, 2006.  On January 11, 2007, the Court entered a Partial Final Judgment and Order of Dismissal with Prejudice and approved the proposed settlement with HealthSouth.

On October 3, 2007, Bondholder Lead Plaintiff moved for class certification and appointment as class representative.  On September 30, 2009, the Court issued an order certifying the Bondholder Class, appointing RSA and named plaintiffs Houston Firefighters' Relief and Retirement Fund ("HFRRF") and State Universities Retirement System of Illinois ("SURS") as Bondholder Class representatives, and appointing BLB&G and Cunningham Bounds, LLC Bondholder Class Counsel and Donaldson & Guin, LLC as Bondholder Class Liaison Counsel.

On October 15, 2009, E&Y filed with the Eleventh Circuit Court of Appeals a petition pursuant to Rule 23(f) of the Federal Rules of Civil Procedure for leave to appeal from the

Court's class certification order.  On November 20, 2009, Bondholder Lead Plaintiff and E&Y filed a joint motion with the Eleventh Circuit requesting "that the Eleventh Circuit stay all proceedings pursuant to the fact that the Parties have agreed to settle Respondents' claims against E&Y and intend to file a settlement agreement with the district court shortly."

There has been extensive fact and expert discovery in the consolidated actions so far.  In the course of the litigation, E&Y has produced and made available to plaintiffs more than 1.5 million pages of documents, and the total document production by parties and non-parties amounts to approximately 85 million pages.  The parties have deposed approximately 132 different witnesses, including eleven witnesses associated with E&Y.  In addition, to date, the parties have exchanged thirteen expert reports, including two produced by E&Y.  Eight expert depositions have also been taken to date in the Bondholder Action.

On or about November 20, 2009, with the assistance of settlement counsel for E&Y, former federal judge Layn R. Phillips, and after numerous months of settlement negotiations, Bondholder Lead Plaintiff and E&Y reached an agreement in principle to settle the Bondholder Action against E&Y.  On November 30, 2009, the Settling Parties executed a Memorandum of Understanding.

## II.     SETTLING DEFENDANT'S DENIALS OF WRONGDOING AND LIABILITY

The Settling Defendant expressly has denied and continues to deny all charges of wrongdoing or liability against it arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Bondholder Action.  The Settling Defendant also continues to believe the claims asserted against it in the Complaint are without merit. Nonetheless, the Settling Defendant has agreed to enter into the settlement solely to avoid the expense, distraction, time, and uncertainty associated with continuing the Bondholder Action.

The Settling Defendant has concluded that further conduct of the Bondholder Action would be protracted and expensive and that it is desirable that the Bondholder Action be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation. The Settling Defendant also has taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as the Bondholder Action. The Settling Defendant has, therefore, determined that it is desirable and beneficial to it that the Bondholder Action be settled in the manner and upon the terms and conditions set forth in this Stipulation.

## III.   CLAIMS OF BONDHOLDER LEAD PLAINTIFF AND BENEFITS OF SETTLEMENT

Bondholder Lead Plaintiff believes that the certified claims asserted in the Bondholder Action against the Settling Defendant have merit and that the evidence developed to date supports those claims. However, Bondholder Lead Plaintiff recognizes and acknowledges the expense and length of continued proceedings necessary to prosecute the Bondholder Action against the Settling Defendant through trial and through appeals. Bondholder Lead Plaintiff also has taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Bondholder Action, as well as the difficulties and delays inherent in such litigation. Bondholder Lead Plaintiff also is mindful of the inherent difficulties of proof under and possible defenses to the securities law violations asserted in the Bondholder Action. Bondholder Lead Plaintiff believes that the settlement set forth in the Stipulation confers substantial benefits upon the E&Y Bondholder Class. Based on their evaluation, Bondholder Lead Plaintiff and Bondholder Plaintiffs' Lead Counsel have determined that the settlement set forth in this Stipulation is in the best interests of Bondholder Lead Plaintiff and the E&Y Bondholder Class.

**IV.     TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT**

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among

Bondholder Lead Plaintiff (for the E&Y Bondholder Class) and the Settling Defendant, by and

through their respective counsel or attorneys of record, that, subject to the approval of the Court,

the Released Claims shall be finally and fully compromised, settled and released, and the

Bondholder Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject

to the terms and conditions of the Stipulation, as follows.

**1.     Definitions**

As used in the Stipulation the following terms have the meanings specified below:

1.1     "Authorized Claimant" means any E&Y Bondholder Class Member whose claim

for recovery has been allowed pursuant to the terms of the Stipulation.

1.2     "Bondholder Action" means the actions consolidated under the caption *In re

HealthSouth Corporation Bondholder Litigation*, No. 03-BE-1502-S.

1.3     "Bondholder Class" means the class certified by the District Court in its Order

dated September 30, 2009.

1.4     "Bondholder Lead Plaintiff" means Retirement Systems of Alabama.

1.5     "Bondholder Named Plaintiffs" means Houston Firefighters' Relief and

Retirement Fund and State Universities Retirement System of Illinois.

1.6     "Bondholder Plaintiffs" means Bondholder Lead Plaintiff and Bondholder Named

Plaintiffs collectively.

1.7     "Bondholder Plaintiffs' Lead Counsel" means the firms of Bernstein Litowitz

Berger & Grossmann LLP and Cunningham Bounds LLC.

1.8     "Bondholder Plaintiffs' Liaison Counsel" means the firm of Donaldson & Guin,

LLC.

1.9     "Bondholder Plaintiffs' Counsel" means, in addition to Bondholder Plaintiffs' Lead and Liaison Counsel, the firm of Berman DeValerio.

1.10     "Claims Administrator" means the firm of Rust Consulting, Inc.

1.11     "Defendants" means the Settling Defendant and all other persons and entities that are currently or were formerly named as defendants in the Bondholder Action.

1.12     "Derivative Plaintiffs" means the plaintiffs bringing the following derivative actions: (1) *Tucker v. Scrushy, et al.*, CV 02 5212 (Circuit Court of Jefferson County, Alabama); (2) *Dennis Family Trust v. HealthSouth Corp.*, CV-98-6592 (Ala. Cir. Ct.); (3) the federal consolidated derivative cases, including but not limited to *In re HealthSouth Corp. Derivative Litig.*, CV-02-BE-2565 (N.D. Ala.); (4) *In re HealthSouth Corp. Shareholder Litig.*, Consol. CA No. 19869 (Del. Ch.); and (5) any action, no matter how styled, that brings derivative claims arising from the same subject matter as the Bondholder Action or any of the foregoing actions.

1.13     "Effective Date" means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred.

1.14     "Escrow Agent" means Valley National Bank.

1.15     "E&Y" means Ernst & Young LLP.

1.16     "E&Y Bondholder Class" means all persons and entities who, between March 30, 2000 and March 18, 2003, inclusive, purchased, exchanged or otherwise acquired the bonds, notes or other debt instruments of HealthSouth and were damaged thereby.  Excluded from the E&Y Bondholder Class are (a) current or former Defendants; (b) any officer or director of HealthSouth or any of its subsidiaries or affiliates; (c) the partners, directors and officers of E&Y and the UBS Defendants; (d) members of the immediate families of any of the current or former Individual Defendants; (e) any person, firm, trust, corporation, officer, director or other

individual or entity in which any current or former Defendant has or had a controlling interest; and (f) the legal representatives, affiliates, heirs, successors or assigns of any such excluded party.  Also excluded from the E&Y Bondholder Class are those persons and entities found by the Court in the Judgment to have timely and validly requested exclusion from the class in accordance with the Notice of (I) Pendency of Class Action; (II) Proposed Settlements With Ernst & Young LLP and the UBS Defendants; and (III) Proposed Dismissal of Claims ("Notice") to be disseminated to the class.

1.17    "E&Y Bondholder Class Member" or "Member of the E&Y Bondholder Class" means a person who or entity that falls within the definition of the E&Y Bondholder Class as set forth in ¶1.16 of this Stipulation.

1.18    "E&Y Class Period" means the period beginning on March 30, 2000 through and including March 18, 2003.

1.19    "Federal Actions" means the Stockholder Action and the Bondholder Action.

1.20    "Federal Plaintiffs" means the Bondholder Class and the Stockholder Class.

1.21    "Final" means when the last of the following with respect to the Final Judgment and Order of Dismissal with Prejudice as to Ernst & Young LLP ("Judgment") approving the Stipulation, substantially in the form of Exhibit B hereto, shall occur: (i) the expiration of three (3) business days after the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) has passed without any such motion having been filed; (ii) the expiration of three (3) business days after the time in which to appeal the Judgment has passed without any appeal having been taken (which date shall be deemed to be thirty-three (33) days following the entry of the Judgment, unless the date to take such an appeal shall have been extended by Court order or otherwise, or unless the 33rd day falls on a weekend or a Court

holiday, in which case the date for purposes of this Stipulation shall be deemed to be the next

business day after such 33rd day); and (iii) if such motion to alter or amend is filed or if an

appeal is taken, three (3) business days after the determination of that motion or appeal in such a

manner as to permit the consummation of the settlement substantially in accordance with the

terms and conditions of this Stipulation. For purposes of this paragraph, an "appeal" shall not

include any appeal that concerns only the issue of attorneys' fees and reimbursement of expenses

or the Plan of Allocation of the Settlement Fund.  Any proceeding or order, or any appeal or

petition for a writ of certiorari pertaining solely to any plan of allocation and/or application for

attorneys' fees, costs or expenses, shall not in any way delay or preclude the Judgment from

becoming Final.

   1.22 "HealthSouth" means HealthSouth Corporation and its officers, directors,

subsidiaries, divisions, affiliates, predecessors, and successors.

   1.23 "Individual Defendants" means any individual named as a Defendant in the

Bondholder Action.

   1.24 "Judgment" means the judgment to be rendered by the Court, substantially in the

form attached hereto as Exhibit B.

   1.25 "Non-Settling Defendant(s)" means a defendant remaining in the Federal Actions

that is not a party to this Settlement.

   1.26 "Notice Order" means the Order described in ¶3.1 hereof.

   1.27 "Person" means an individual, corporation, partnership, limited partnership,

association, joint stock company, estate, legal representative, trust, unincorporated association,

government or any political subdivision or agency thereof, and any business or legal entity and

their spouses, heirs, predecessors, successors, representatives or assignees.

1.28   "Plan of Allocation" means the plan or formula of allocation of the Settlement

Fund, previously approved by the Court, whereby the Settlement Fund shall be distributed to

Authorized Claimants after payment of expenses of notice and administration of the settlement,

Taxes and Tax Expenses, and such attorneys' fees, costs, expenses and interest as may be

awarded by the Court ("Net Settlement Fund").  The Plan of Allocation is not part of the

Stipulation, and Settling Defendant and its Related Parties shall have no responsibility therefore

or liability with respect thereto.

1.29   "Related Parties" means, with respect to the Settling Defendant, the successors,

assigns, present and former partners, employees, officers, directors, attorneys, legal

representatives, and agents of the Settling Defendant and any person or entity which is or was

related to or affiliated with the Settling Defendant or in which the Settling Defendant has or had

a controlling interest and the present and former parents, subsidiaries, divisions, affiliates,

predecessors, successors, partners, employees, insurers, underwriters, officers, directors,

attorneys, assigns, and agents of each of them.  Notwithstanding anything in this paragraph,

Related Parties shall not include any Non-Settling Defendant(s).

1.30   "Released Claims" means all claims (including "Unknown Claims" as defined in

¶1.40) and causes of action of every nature and description, whether known or unknown,

whether arising under federal, state, common or foreign law, whether brought directly or

derivatively, that Bondholder Lead Plaintiff or any member of the E&Y Bondholder Class in the

Bondholder Action asserted in the Complaint, or could have asserted against the Settling

Defendant or its Related Parties, as a result of purchases, acquisitions, sales, exchanges or any

other disposition made during the E&Y Class Period in bonds, notes or other debt instruments

issued by HealthSouth (including, without limitation, all claims arising out of or relating to any

disclosures, public filings, registration statements or other statements by HealthSouth or any

Defendant in the Bondholder Action), based upon or arising out of any facts, allegations or

claims set forth in the Complaint.  Released Claims do not include any claims of the Bondholder

Class (including the claims of the E&Y Bondholder Class) against the Non-Settling Defendant(s)

or any claims of the Stockholder Class, the Stockholder Settlement Class, the Derivative

Plaintiffs and/or HealthSouth Corporation.  Released Claims shall not be construed as, and do

not change or modify, the releases given in the HealthSouth Settlement and/or in the UBS

Defendants Settlement.

 1.31 "Released Persons" means the Settling Defendant and each and all of its Related

Parties.  Released Persons shall not mean any Non-Settling Defendant.

 1.32 "Released Persons' Claims" means all claims (including "Unknown Claims" as

defined in ¶1.40), and causes of action of every nature and description, whether known or

unknown, whether arising under federal, state, common or foreign law, whether brought directly

or derivatively, that have been or could have been asserted in the Bondholder Action or any

forum by the Released Persons or any of them or the successors and assigns of any of them

against any of the Bondholder Plaintiffs, any other E&Y Bondholder Class Member or their

respective attorneys, including Bondholder Plaintiffs' Counsel, that arise out of or relate in any

way to the institution, prosecution, assertion, settlement or resolution of the Bondholder Action

except for claims to enforce the Settlement.

 1.33 "Settlement Amount" means thirty-three million five hundred thousand dollars

($33,500,000.00) in cash, to be paid pursuant to ¶2.1 of this Stipulation

 1.34 "Settlement Fund" means the Settlement Amount plus all interest earned thereon

pursuant to ¶¶2.1 and 2.2.

1.35    "Settling Defendant" means E&Y.

1.36    "Settling Parties" means, collectively, the Settling Defendant and Bondholder Lead Plaintiff, on behalf of itself and the E&Y Bondholder Class Members.

1.37    "Stockholder Action" means the actions consolidated under the caption *In re HealthSouth Corporation Stockholder Litigation*, No. 03-BE-1501-S.

1.38    "Taxes" means (i) all federal, state and/or local taxes of any kind on any income earned by the Settlement Fund; and (ii) the reasonable expenses and costs incurred by Bond Plaintiffs' Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, reasonable expenses of tax attorneys and accountants).

1.39    "UBS Defendants" means UBS AG, UBS Warburg, LLC, Howard Capek, Benjamin D. Lorello and William C. McGahan.

1.40    "Unknown Claims" means all claims, demands, rights, liabilities, and causes of action of every nature and description which Bondholder Lead Plaintiff or any E&Y Bondholder Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Released Persons, and any Released Persons' Claims that the Settling Defendant or any other Released Person does not know or suspect to exist in his, her or its favor at the time of the release of the Bondholder Plaintiffs, any other E&Y Bondholder Class Member or their respective attorneys, including Bondholder Plaintiffs' Counsel, which, if known by him, her or it, might have affected his, her or its settlement with and/or release of the Released Persons, or might have affected his, her or its decision not to object to this Settlement.  With respect to any and all Released Claims and Released Persons' Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Bondholder Lead Plaintiff  and each of the Released Persons shall

expressly waive, and each of the E&Y Bondholder Class Members shall be deemed to have
waived, and by operation of the Judgment shall have waived, the provisions, rights and benefits
of California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor does
> not know or suspect to exist in his or her favor at the time of executing
> the release, which if known by him or her must have materially
> affected his or her settlement with the debtor.**

Bondholder Lead Plaintiff and each of the Released Persons shall expressly waive and each of
the E&Y Bondholder Class Members shall be deemed to have waived, and by operation of the
Judgment shall have expressly waived, any and all provisions, rights and benefits conferred by
any law of any state or territory of the United States, or principle of common law, which is
similar, comparable or equivalent to California Civil Code § 1542.  Bondholder Lead Plaintiff
and E&Y Bondholder Class Members may hereafter discover facts in addition to or different
from those which he, she or it now knows or believes to be true with respect to the subject matter
of the Released Claims, and Settling Defendant and other Released Persons may hereafter
discover facts in addition to or different from those which he, she or it now knows or believes to
be true with respect to the subject matter of the Released Persons' Claims, but, upon the
Effective Date, Bondholder Lead Plaintiff and each of the Released Persons shall expressly fully,
finally and forever settle and release, and each E&Y Bondholder Class Member shall be deemed
to have, and by operation of the Judgment shall have, fully, finally, and forever settled and
released, any and all Released Claims and Released Persons' Claims as applicable, known or
unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or
hidden, which now exist, or heretofore have existed, upon any theory of law or equity now
existing or coming into existence in the future, including, but not limited to, conduct which is
negligent, intentional, with or without malice, or a breach of any duty, law or rule, without

regard to the subsequent discovery or existence of such different or additional facts. Bondholder Lead Plaintiff and each of the Released Persons acknowledge, and the E&Y Bondholder Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

## 2.    The Settlement

### a.    The Settlement Fund

2.1    In full settlement of the Released Claims and in consideration of the releases specified in ¶¶4.1, 4.3, and 4.5, below, E&Y shall pay or cause to be paid the sum of thirty-three million five hundred thousand dollars ($33,500,000.00) in cash for the benefit of the E&Y Bondholder Class to the Escrow Agent within ten (10) business days from entry of the Notice Order by the Court.

### b.    The Escrow Agent

2.2    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.1 hereof in instruments backed by the full faith and credit of the United States Government or fully insured by the United States Government or an agency thereof, or in an account fully insured by the United States Government, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates. The Settlement Fund shall bear all risks related to investment of the Settlement Fund.

2.3    The Escrow Agent shall not disburse the Settlement Fund except as provided in the Stipulation, by an order of the Court, or, prior to the Effective Date, with the written agreement of counsel for the Settling Defendant.

2.4     Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the E&Y Bondholder Class Members as are consistent with the terms of the Stipulation.

2.5     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

2.6     Bondholder Plaintiffs' Lead Counsel may pay up to $1,000,000 from the Settlement Fund, without further approval from Settling Defendant or further order of the Court, for Notice and Administration Expenses actually incurred.  Notice and Administration Expenses include costs and expenses reasonably and actually incurred in connection with providing notice to the E&Y Bondholder Class, locating E&Y Bondholder Class Members, soliciting claims, assisting with the filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim and Release forms (substantially in the form annexed hereto as Exhibit A-3), and paying escrow fees and costs, if any.

**c.     Taxes**

2.7     (a)     Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. § 1.468B-1. In addition, Bondholder Plaintiffs' Lead Counsel shall timely cause such elections as necessary or advisable to carry out the provisions of this ¶2.7, including, if necessary, the "relation-back election" (as defined in Treas. Reg. § 1.468B-1(j)(2)) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such Treasury regulations promulgated under § 1.468B of the Internal Revenue Code of 1986, as amended (the "Code").  It shall be the responsibility of Bondholder Plaintiffs' Lead Counsel to

timely and properly cause the preparation and delivery of the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)   For the purpose of § 1.468B of the Code and the Treasury regulations thereunder, Bondholder Plaintiffs' Lead Counsel shall be designated as the "administrator" of the Settlement Fund.  Bondholder Plaintiffs' Lead Counsel shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. § 1.468B-2(k)).  Such returns (as well as the election described in ¶2.7(a) hereof) shall be consistent with this ¶2.7 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties) on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided in ¶2.7(c) hereof.

(c)   All: (a) Taxes (including any estimated Taxes, interest or penalties) arising with respect to the income earned by the Settlement Fund, including any Taxes or tax detriments that may be imposed upon the Settling Defendant or its Related Parties with respect to any income earned by the Settlement Fund for any period during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes; and (b) expenses and costs incurred in connection with the operation and implementation of this ¶2.7 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.7) ("Tax Expenses"), shall be paid out of the Settlement Fund.  In no event shall the Settling Defendant or its Related Parties have any responsibility for or liability with respect to the Taxes or the Tax Expenses.  The Settlement Fund shall indemnify and hold the Settling Defendant and its Related Parties harmless for Taxes and Tax Expenses (including, without limitation, Taxes

payable by reason of any such indemnification).  Further, Taxes and Tax Expenses shall be timely paid by Bondholder Plaintiffs' Lead Counsel out of the Settlement Fund without further consent of the Settling Defendant, or prior order from the Court, and  Bondholder Plaintiffs' Lead Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amount, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. § 1.468B-2(1)(2)); neither the Settling Defendant nor its Related Parties are responsible therefore nor shall they have any liability with respect thereto. The parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.7.

### d.    Termination of Settlement

2.8    In the event that the Stipulation is not approved, or is terminated, canceled, or fails to become effective for any reason, the Settlement Fund (including accrued interest), less expenses (including Notice and Administration Expenses) and Taxes and Tax Expenses incurred or due and owing in connection with the settlement provided for herein shall be refunded to E&Y and/or its insurer as provided in ¶7.3 below.

### 3.    Notice Order and Settlement Hearing

3.1    As soon as practicable after execution of the Stipulation, the Settling Parties shall submit the Stipulation together with its exhibits to the Court and shall apply for entry of the Notice Order, substantially in the form of Exhibit A hereto, requesting, *inter alia*, the preliminary approval of the settlement set forth in the Stipulation and approval for mailing the Notice substantially in the form of Exhibit A-1 hereto and publication of a Summary Notice

substantially in the form of Exhibit A-2 hereto. The Notice shall include the general terms of the settlement set forth in the Stipulation and the date of the Settlement Hearing.

3.2     Bondholder Plaintiffs' Lead Counsel shall request that after notice is given, the Court hold a hearing (the "Settlement Hearing") and finally approve the settlement of the Bondholder Action as set forth herein.

3.3     The Settling Parties agree to use best efforts to complete the settlement process as expeditiously as possible, subject only to the availability of the Court.

## 4.     Releases, Judgment Credit and Covenant Not to Sue

4.1     Upon the Effective Date, as defined in ¶1.13 hereof, Bondholder Lead Plaintiff and the E&Y Bondholder Class on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against the Released Persons, whether or not such Bondholder Lead Plaintiff or E&Y Bondholder Class Member executes and delivers a Proof of Claim and Release form, if applicable.

4.2     The Proof of Claim and Release form to be executed by E&Y Bondholder Class Members, who have not previously submitted a Proof of Claim and Release form in connection with the HealthSouth Settlement, shall release all Released Claims against the Released Persons.

4.3     Upon the Effective Date, as defined in ¶1.13 hereof, each of the Released Persons on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all of the Released Persons' Claims against the Bondholder Plaintiffs, Bondholder Plaintiffs' Counsel and E&Y Bondholder Class Members.

4.4     Bondholder Lead Plaintiff and the E&Y Bondholder Class agree and covenant not to file or pursue any claim against the Settling Defendant between the date of this Stipulation and the Effective Date.  The parties agree that, if the Settlement does not become Final, the period of time between the date of this Stipulation and the Effective Date shall not be counted for purposes of any defense based on passage of time.

4.5     The Settling Parties have negotiated the following bar order and judgment reduction provision to be included, in substantially the following form, in the Judgment:

(a)     All claims by any Person for indemnity or contribution or any other claim, however denominated, against the Released Persons where the injury to the Person bringing the claim is, or is measured by, that Person's liability and/or settlement payment to Bondholder Lead Plaintiff, the E&Y Bondholder Class or any E&Y Bondholder Class Member, that have been or may hereafter be brought by any Person, whether arising under state, federal, foreign or common law as claims, cross-claims, counterclaims, or third-party claims, in any court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, based upon, arising out of, relating to, or in connection with the Released Claims, are hereby released and discharged and all such claims are permanently barred to the full extent provided by Section 21D-4(f)(7)(A) of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u-4(f)(7)(A), and any Person is permanently enjoined from bringing any such claim.

(b)     All claims by any Released Person for indemnity or contribution or any other claim, however denominated, where the injury to the Released Person bringing the claim is, or is measured by, the Released Person's liability and/or settlement payment to Bondholder Lead Plaintiff, the E&Y Bondholder Class or any E&Y Bondholder Class Member, whether arising under state, federal, foreign or common law as claims, cross-claims, counterclaims, or

third-party claims, in any court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, based upon, arising out of, relating to, or in connection with the Released Claims, against any Person other than a Person whose liability to the E&Y Bondholder Class has been extinguished pursuant to the Settlement and this Judgment, are hereby released and discharged and all such claims are permanently barred to the full extent provided by Section 21D-4(f)(7)(A) of the PSLRA and any Released Person is permanently enjoined from bringing any such claim.

(c)     Any final verdict or judgment obtained by or on behalf of Bondholder Lead Plaintiff, the E&Y Bondholder Class or any E&Y Bondholder Class Member against any Person, other than the Released Persons, relating to the Released Claims, shall be reduced in accordance with the PSLRA and applicable law.  However, E&Y Bondholder Class Members' participation in any HealthSouth recovery from E&Y shall not be reduced as a result of this provision.

## 5.    Administration and Calculation of Claims, Final Awards and Supervision and Distribution of Settlement Fund

5.1     The Claims Administrator shall administer and calculate the claims submitted by E&Y Bondholder Class Members.

5.2     The Settlement Fund shall be applied as follows:

(a)     to pay Bondholder Plaintiffs' Lead Counsel attorneys' fees and expenses with interest thereon (the "Fee and Expense Award") and any costs and expenses awarded to the Bondholder Plaintiffs by the Court, pursuant to the PSLRA, when, if and to the extent allowed by the Court;

(b)     to pay all the costs and expenses reasonably and actually incurred in connection with providing notice, locating E&Y Bondholder Class Members, assisting with the

filing of claims, administering and distributing the Net Settlement Fund to Authorized Claimants, processing Proofs of Claim and Release forms, and paying escrow fees and costs, if any;

        (c)    to pay the Taxes and Tax Expenses described in ¶2.7 hereof; and

        (d)    to distribute the balance of the Settlement Fund, i.e., the Net Settlement Fund, to Authorized Claimants as allowed by the Stipulation, the Plan of Allocation, or the Court.

5.3    Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the terms of this Stipulation.

5.4    Within one hundred-twenty (120) days after such time as set by the Court, each Person claiming to be an Authorized Claimant who has not previously submitted a Proof of Claim and Release form in connection with the HealthSouth Settlement shall be required to submit to the Claims Administrator a completed Proof of Claim and Release form, substantially in a form approved by the Court, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release and as are reasonably available to the Authorized Claimant.

5.5    Except as otherwise ordered by the Court, all E&Y Bondholder Class Members who fail to timely submit a Proof of Claim and Release form (if applicable) within such period, or such other period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to the Stipulation and the settlement set forth herein, but will in all other respects be subject to and bound by the provisions of the Stipulation, the releases contained herein, and the Judgment.  Notwithstanding the foregoing, Bondholder

Plaintiffs' Lead Counsel may, in its discretion, accept for processing late submitted claims so long as the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed.

5.6     The Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation described in the Notice and approved by the Court.  If there is any balance remaining in the Net Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Bondholder Plaintiffs' Lead Counsel shall, if feasible and economical, reallocate such balance among Authorized Claimants, who deposited the checks sent in the initial distribution, in an equitable and economic fashion.  Thereafter, any balance which still remains in the Net Settlement Fund shall be donated to an appropriate non-profit organization, without further order of the Court.

5.7     This is not a claims-made settlement.  Accordingly, once all conditions of the Stipulation are satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to the Settling Defendant or its insurer.  The Settling Defendant and its Related Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of claims, the payment or withholding of Taxes or Tax Expenses, or any losses incurred in connection therewith.

5.8     No Person shall have any claim against Bondholder Lead Plaintiff, the Escrow Agent, Bondholder Plaintiffs' Lead Counsel, the Claims Administrator or other entity designated by Bondholder Plaintiffs' Lead Counsel based on distributions made substantially in accordance

with the Stipulation and the settlement contained herein, the Court-approved Plan of Allocation, or further order(s) of the Court.

5.9  It is understood and agreed by the Settling Parties that the Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of the Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel the Stipulation or affect the finality of the Court's Judgment approving the Stipulation and the settlement set forth therein, or any other orders entered pursuant to the Stipulation.

**6.  Plaintiffs' Counsel's Attorneys' Fees and Reimbursement of Expenses**

6.1  Bondholder Plaintiffs' Lead Counsel may, upon notice to E&Y Bondholder Class Members as approved by the Court, on behalf of plaintiffs' counsel in the Bondholder Action, submit an application (the "Fee and Expense Application") for distribution to them from the Settlement Fund of: (a) an award of reasonable attorneys' fees from the Settlement Fund; plus (b) expenses, including the fees of any experts or consultants, incurred in connection with prosecuting the Bondholder Action, plus any interest on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid). Bondholder Plaintiffs' Lead Counsel reserve the right to make additional applications for fees and expenses incurred.

6.2  The attorneys' fees and expenses, as awarded by the Court, shall be paid to Bondholder Plaintiffs' Lead Counsel from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses.  Bondholder Plaintiffs' Lead Counsel

shall thereafter allocate the attorneys' fees in a manner in which they in good faith believe reflects the contributions of other plaintiffs' counsel to the prosecution and settlement of the Bondholder Action.  In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, or the Stipulation is canceled or terminated for any other reason, and in the event that the Fee and Expense Award has been paid to any extent, then any plaintiffs' counsel receiving such fees shall within five (5) business days from receiving notice from the Settling Defendant's counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund the fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned on the Settlement Fund in an amount consistent with such reversal or modification. Each such plaintiffs' counsel's law firm, as a condition of receiving such fees and expenses, on behalf of itself and each partner and/or shareholder of it, agrees that the law firm and its partners and/or shareholders are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph.

6.3     The procedure for and the allowance or disallowance by the Court of any application by Bondholder Plaintiffs' Lead Counsel for attorneys' fees and expenses, including the fees of experts and consultants, to be paid out of the Settlement Fund, are not part of the settlement set forth in the Stipulation, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement set forth in the Stipulation, and any order or proceeding relating to the Fee and Expense Application, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the settlement of the Bondholder Action set forth herein.

6.4     Settling Defendant and its Related Parties shall have no responsibility for or liability with respect to any payment of attorneys' fees and expenses to Bondholder Plaintiffs' Lead Counsel over and above payment from the Settlement Fund.

6.5     Settling Defendant and its Related Parties shall have no responsibility for or liability with respect to the allocation among plaintiffs' counsel, and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Bondholder Action, and Settling Defendant and its respective Related Parties take no position with respect to such matters.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

7.1     The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

(a)     E&Y has timely made or caused to be made its contribution to the Settlement Fund as required by ¶2.1 hereof;

(b)     E&Y has not exercised its option to terminate the Stipulation pursuant to ¶7.6 hereof;

(c)     the Court has entered the Notice Order, as required by ¶3.1 hereof;

(d)     the Court has entered the Judgment, or a judgment substantially in the form of Exhibit B hereto;

(e)     The Court has entered the Bar Order as set forth in Exhibit B hereto, or a substantial equivalent acceptable to the Settling Defendant;

(f)     the Judgment has become Final, as defined in ¶1.21 hereof.

7.2     Upon the occurrence of all of the events referenced in ¶7.1 hereof, any and all remaining interest or right of the Settling Defendant in or to the Settlement Fund, if any, shall be absolutely and forever extinguished.  If all of the conditions specified in ¶7.1 hereof are not met,

then the Stipulation shall be canceled and terminated, subject to ¶7.4, hereof unless Bondholder

Plaintiffs' Lead Counsel and counsel for the Settling Defendant mutually agree in writing to

proceed with the Stipulation.

7.3     Unless otherwise ordered by the Court, in the event the Stipulation shall

terminate, or be canceled, or shall not become effective for any reason, within five (5) business

days after written notification of such event is sent by counsel for the Settling Defendant or

Bondholder Plaintiffs' Lead Counsel to the Escrow Agent, subject to the terms of ¶2.8 hereof,

the Settlement Fund (including accrued interest), less any expenses and costs which have either

been disbursed pursuant to ¶2.6 hereof or are determined to be chargeable to the Settlement

Fund, and less any Taxes and Tax Expenses, pursuant to ¶2.7, shall be refunded by the Escrow

Agent to E&Y or its insurer as appropriate.  At the request of counsel for the Settling Defendant,

Bondholder Plaintiffs' Lead Counsel or its designee shall apply for any tax refund owed on the

Settlement Fund and pay the proceeds, after deduction of any fees or expenses incurred in

connection with such application(s) for refund, to E&Y or its insurer as appropriate.

7.4     In the event that the Stipulation is not approved by the Court, or the settlement set

forth in the Stipulation is terminated, or the Effective Date does not occur, or the Stipulation

otherwise fails to become effective in accordance with its terms, the Settling Parties shall be

restored to their respective positions in the Bondholder Action as of November 23, 2009.  In such

event, the terms and provisions of the Stipulation, with the exception of ¶¶2.7, 2.8, 7.3, 7.4 and

7.5 hereof, shall have no further force and effect with respect to the Settling Parties and shall not

be used in the Federal Actions or in any other proceeding for any purpose, and any judgment or

order entered by the Court in accordance with the terms of the Stipulation shall be treated as

vacated, *nunc pro tunc*.  No order of the Court or modification or reversal on appeal of any order

of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Bondholder Plaintiffs' Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

7.5     If the Effective Date does not occur, or if the Stipulation is terminated pursuant to its terms, neither Bondholder Lead Plaintiff nor Bondholder Plaintiffs' Lead Counsel shall have any obligation to repay any amounts actually and properly disbursed from the Settlement Fund. In addition, any expenses already incurred and properly chargeable to the Settlement Fund (including Notice and Administration Expenses) at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of the Stipulation prior to the balance being refunded in accordance with ¶¶2.8 and 7.3 hereof.

7.6     If prior to the Settlement Hearing, the aggregate number of HealthSouth bonds, notes and other debt instruments purchased or acquired by persons and entities who would otherwise be Members of the E&Y Bondholder Class, but who request exclusion from the E&Y Bondholder Class, exceeds the sum specified in a separate supplemental agreement between Bondholder Lead Plaintiff and E&Y (the "Supplemental Agreement"), E&Y shall have, in its sole and absolute discretion, the option to terminate this Stipulation in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental Agreement will not be filed with the Court unless required by court rule or unless and until a dispute as between Bondholder Lead Plaintiff and E&Y concerning its interpretation or application arises.

## 8.     Class Certification

The Court certified the Bondholder Class on September 30, 2009. On October 15, 2009, E&Y filed a petition pursuant to Rule 23(f) of the Federal Rules of Civil Procedure for leave to appeal from the Court's class certification order with the Eleventh Circuit Court of Appeals. On November 20, 2009, the Bondholder Class and E&Y filed a joint motion with the Eleventh

Circuit requesting "that the Eleventh Circuit stay all proceedings pursuant to the fact that the Parties have agreed to settle Respondents' claims against E&Y and intend to file a settlement agreement with the district court shortly." The Settling Defendant will withdraw its Rule 23(f) petition pending in the Eleventh Circuit upon final approval of the settlement. The Settling Defendant expressly reserves the right to move to lift the stay of all Rule 23(f) proceedings in the Eleventh Circuit and to contest class certification in the event that this Stipulation is not approved by the Court, or the settlement set forth in this Stipulation is terminated pursuant to its terms, or the Effective Date does not occur, or the Stipulation otherwise does not become effective for any reason.

### 9.    No Admission of Wrongdoing

9.1    This Stipulation, whether or not consummated, and any negotiations, discussions or proceedings in connection herewith shall not be:

(a)    offered or received against the Settling Defendant as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by the Settling Defendant of the truth of any fact alleged by E&Y Bondholder Class Members or the validity of any claim that has been or could have been asserted in the Federal Actions or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Federal Actions or in any litigation, or of any liability, negligence, fault, or wrongdoing of the Settling Defendant;

(b)    offered or received against the Settling Defendant as evidence of a presumption, concession, admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Defendant, or against the Federal Plaintiffs as evidence of any infirmity in the claims of the Federal Plaintiffs, the Bondholder

Class (including the E&Y Bondholder Class and the UBS Bondholder Class), the Stockholder Class and/or the Stockholder Settlement Class;

        (c)    offered or received against the Settling Defendant as evidence of a presumption, concession, or admission of any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; provided, however, that if this Stipulation is approved by the Court, the Settling Defendant and its Related Parties may refer to it to effectuate the release granted them hereunder;

        (d)    construed against the Settling Defendant, Federal Plaintiffs, the Bondholder Class (including the E&Y Bondholder Class and the UBS Bondholder Class), the Stockholder Class and/or the Stockholder Settlement Class as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial.

### 10.    Miscellaneous Provisions

10.1    The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of the Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of the Stipulation.

10.2    This Stipulation and the exhibits attached hereto constitute the entire agreement between the Settling Parties as to the subject matter hereof and supersedes any prior or contemporaneous written or oral agreements or understandings between the Settling Parties as to the subject matter hereof, including the Memorandum of Understanding dated November 30, 2009.  No modification or amendment of this Stipulation shall be valid unless made in writing

and signed by or on behalf of each of the Settling Parties hereto.  No representations, warranties or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties and covenants contained and memorialized in such documents. Except as otherwise provided for herein, each party shall bear his, her or its own costs.  The settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim or defense.  The Judgment will contain a finding that during the course of the Bondholder Action, the parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.  The Settling Parties agree that the amount paid to the Settlement Fund and the other terms of the settlement were negotiated in good faith by the Settling Parties and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum that the Bondholder Action was brought or defended in bad faith or without a reasonable basis.

     10.3    The Settling Defendant and/or its Related Parties may file the Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense, claim or counterclaim based on principles of res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

     10.4    All agreements made and orders entered during the course of the Federal Actions relating to the confidentiality of information shall survive this Stipulation.

     10.5    All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

10.6     The Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successor's in-interest.

10.7     Bondholder Plaintiffs' Lead Counsel, on behalf of the E&Y Bondholder Class, are expressly authorized by Bondholder Lead Plaintiff to take all appropriate action required or permitted to be taken by the E&Y Bondholder Class pursuant to the Stipulation to effectuate its terms and also are expressly authorized to enter into any modifications or amendments to the Stipulation on behalf of the E&Y Bondholder Class which they deem appropriate.

10.8     Each counsel or other Person executing the Stipulation or any of its exhibits on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

10.9     The Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.

10.10   The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto.

10.11   The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.

10.12   The waiver by one party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other party or a waiver of any other prior or subsequent breach of this Stipulation.

10.13   E&Y warrants as to itself that, as to the payments made by or on behalf of itself, at the time of such payments that E&Y made or caused to be made pursuant to ¶2.1 above, it was not insolvent nor did nor will the payments required to be made by or on behalf of it render E&Y

insolvent within the meaning of and/or for the purposes of United States Bankruptcy Code, including §§101 and 547 thereof. This warranty is made by E&Y and not by counsel for E&Y.

10.14   If a case is commenced in respect of E&Y under Title 11 of the United States Code (Bankruptcy), or a trustee, receiver or conservator is appointed under any similar law, and in the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of E&Y to be a preference, voidable transfer, fraudulent transfer or similar transaction, and any portion thereof is required to be returned, and such amount is not promptly deposited to the Settlement Fund by others, then, at the election of Bondholder Plaintiffs' Lead Counsel, the parties shall jointly move the Court to vacate and set aside the releases given and the Judgment entered in favor of E&Y pursuant to this Stipulation, which releases and Judgment shall be null and void, and the parties so affected shall be restored to their respective positions in the Bondholder Action as of November 23, 2009, and any amount in the Settlement Fund paid by or on behalf of E&Y shall be returned as provided herein.

10.15   The rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Alabama without giving effect to that state's choice-of-law principles.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys dated as of April 22, 2010.

DONALDSON & GUIN, L.L.C.
DAVID J. GUIN

_____
DAVID J. GUIN

The Financial Center,
505 20th Street North, Suite 1000
Birmingham, AL 35203
Telephone:     (205) 226-2282
Fax:              (205) 226-2357

Liaison Counsel for Bondholder Lead Plaintiff

BERNSTEIN LITOWITZ BERGER &
   GROSSMANN LLP

MAX W. BERGER
SALVATORE J. GRAZIANO
TIMOTHY DELANGE
LAUREN A. MCMILLEN

_____
MAX W. BERGER

1285 Avenue of the Americas
New York, NY  10019
Telephone:     (212) 554-1400
Fax:              (212) 554-1444

CUNNINGHAM BOUNDS, LLC

ROBERT T. CUNNINGHAM, JR
STEVE OLEN

_____
ROBERT T. CUNNINGHAM, JR.

1601 Dauphin Street
Mobile, AL 36604
Telephone:     (251) 471-6191
Fax:              (251) 479-1031

Lead Counsel for Bondholder Lead Plaintiff

DONALDSON & GUIN, L.L.C.
DAVID J. GUIN

_____

DAVID J. GUIN

The Financial Center,
505 20th Street North, Suite 1000
Birmingham, AL 35203
Telephone:     (205) 226-2282
Fax:              (205) 226-2357

Liaison Counsel for Bondholder Lead Plaintiff

BERNSTEIN LITOWITZ BERGER &
    GROSSMANN LLP

MAX W. BERGER
SALVATORE J. GRAZIANO
TIMOTHY DELANGE
LAUREN A. MCMILLEN

_____

MAX W. BERGER

1285 Avenue of the Americas
New York, NY 10019
Telephone:     (212) 554-1400
Fax:              (212) 554-1444

CUNNINGHAM BOUNDS, LLC

ROBERT T. CUNNINGHAM, JR
STEVE OLEN

_____
ROBERT T. CUNNINGHAM, JR.

1601 Dauphin Street
Mobile, AL 36604
Telephone:     (251) 471-6191
Fax:              (251) 479-1031

Lead Counsel for Bondholder Lead Plaintiff

- 34 -

WINSTON & STRAWN LLP

_Bruce R. Braun_

BRUCE R. BRAUN

35 West Wacker Drive
Chicago, IL  60601-9703
Telephone:  312/558-5600
312/558-5700 (fax)

WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, D.C.  20005
Telephone:  202/434-5000
202/434-5029 (fax)

ADAMS AND REESE LLP
2100 Third Avenue North Suite 1100
Birmingham, AL  35203-3367
Telephone:  205/250-5000
205/250-5034 (fax)

Counsel for Ernst & Young LLP

# 424650

- 35 -