UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Master File No. CV-03-BE-1500-S |
| In re HEALTHSOUTH CORPORATION STOCKHOLDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Consolidated Case No.<br>CV-03-BE-1501-S |
| In re HEALTHSOUTH CORPORATION BONDHOLDER LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS. | Consolidated Case No.<br>CV-03-BE-1502-S<br><br><u>CLASS ACTION</u> |

ORDER APPROVING LEAD PLAINTIFFS' MOTION FOR AN INITIAL
DISTRIBUTION OF CLASS SETTLEMENT PROCEEDS

This matter comes before the court on Lead Plaintiffs' Motion for an Initial Distribution of Class Settlement Proceeds (Docket No. 1672). That motion relates to the settlement reached with HealthSouth Corporation and certain other individual defendants (*see* Stipulation of Partial Settlement, Docket No. 533), which settlement the court approved (*see* Docket No. 543 & 584), as well as the plan of allocation of the proceeds from that settlement (*see* Docket No. 1056), which plan the court also approved ( *see* Docket No. 1114). Having considered all papers filed and otherwise being fully informed, and finding good cause therefor, the court GRANTS the motion and ORDERS as follows:

1. This Order incorporates by reference the definitions in the Stipulation of Partial Settlement dated as of September 26, 2006 (Docket No. 533) (the "Stipulation") and the Affidavit of Daniel J. Marotto in Support of Lead Plaintiffs' Motion for an Initial Distribution of Class Settlement Proceeds (Docket No. 1674) ("Marotto Affidavit").

2. This court has jurisdiction over the subject matter of the captioned action and over all the parties to the captioned action including all Stockholder Class Members and Bondholder Class Members as defined in the Stipulation.

3. The court approves and adopts the administrative determinations of Rust Consulting, Inc. ("Rust" or the "Claims Administrator"), which administered the HealthSouth Settlement, to accept and reject claims submitted as set forth in Exhibit B to the Marotto Affidavit. Therefore, the court approves the decision to deny the claims of Peter Wendell Wooley, Charles Mark Fong, and Cheryl C. Klein.

4. The court approves Lead Plaintiffs' plan for an initial distribution of settlement proceeds to Authorized Claimants. Accordingly, the court:

(a) directs that 80% of the cash Net Settlement Fund be distributed as soon as practicable to Authorized Claimants based on their allowed loss amount in comparison to the total allowed loss amount of all Authorized Claimants (the "Initial Cash Distribution"), with the remaining 20% of the cash Net Settlement Fund held in reserve to address contingencies and claims administration costs and thereafter distribute the remaining portion of the cash Net Settlement Fund to Authorized Claimants;

(b) directs that any Authorized Claimant who or which disputes the calculation of his, her or its loss amount and/or his, her or its Initial Cash Distribution check, must submit such challenge in writing, detailing the disagreement, to Rust, postmarked no later than sixty (60) days after the date of the Initial Cash Distribution check, and if the calculations are not challenged in this manner and within the sixty (60) day time period, the Authorized Claimant shall have forever waived and forfeited the right to challenge the calculation of the claim and all distributions (*i.e.*, the initial and subsequent distributions) from the HealthSouth Settlement;

(c) directs that all of the Initial Cash Distribution checks bear the following notation: "CASH PROMPTLY, VOID AND SUBJECT TO RE-DISTRIBUTION IF NOT CASHED BY [DATE 120 DAYS AFTER ISSUE DATE]", to encourage Authorized Claimants to promptly cash their Initial Cash Distribution checks, and to avoid or reduce future expenses relating to unpaid Initial Cash

Distribution checks;

  (d) directs that Authorized Claimants who do not cash their Initial Cash Distribution checks within the time allotted will irrevocably forfeit all recovery from the HealthSouth Settlement, unless good cause is shown and that the funds allocated to all such stale-dated checks will become available for re-distribution to Authorized Claimants who have cashed their Initial Cash Distribution checks; and

  (e) directs distribution to Authorized Claimants of the securities components of the HealthSouth Settlement proceeds (*i.e.*, stock and warrants) as soon as practicable.

  5. The court directs that no further Proofs of Claim may be accepted with respect to the HealthSouth Settlement for any reason after February 1, 2010.

  6. The court authorizes the destruction of paper copies of the Proofs of Claim and all supporting documentation one year after <u>all</u> net settlement proceeds achieved in the Stockholder Action and the Bondholder Action have been distributed and authorizes the destruction of electronic copies of claim records three years after <u>all</u> net settlement proceeds achieved in the Stockholder Action and the Bondholder Action have been distributed.

  7. The court retains jurisdiction to consider any further applications concerning the administration of the HealthSouth Settlement, and such other and

further relief as this court deems appropriate.

DONE and ORDERED this 9th day of June, 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE