IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re HEALTHSOUTH CORPORATION SECURITIES LITIGATION ] ] ] THIS DOCUMENT RELATES TO: ] ] In re HEALTHSOUTH CORPORATION STOCKHOLDER LITIGATION CONSOLIDATED CASE CV-03-BE-1501-S ] ] ] ] | Master File No. CV-03-BE-1500-S |

**MEMORANDUM OPINION**

This matter comes before the court on "Motion to Intervene of Class Member" (doc. 1703) filed by Harry V. Benjamin, and his "Objection to the Proposed USB [sic] Settlement" (doc. 1704). The Stockholder Lead Plaintiffs filed a Response (doc. 1706). For the reasons stated below, the Motion to Intervene is due to be DENIED, and the Objection is due to be STRICKEN.

(1)     Benjamin does not meet requirements of Fed. R. Civ. Proc. 24.

Benjamin asserts he has rights to intervene pursuant to Federal Rule of Civil Procedure 24(a), and alternatively, requests permissive intervention pursuant to FRCP 24(b). His request fails under either standard because he is not a member of the class. Benjamin presents nothing – no evidence, not even an allegation – to support his conclusory statement in which he identifies himself as "class member." Instead the evidence conclusively establishes that he is not a member of the class for two reasons. The only claim ever submitted by Benjamin shows that he purchased 200 shares of HealthSouth common stock on February 19, 1999 for $2,812.50 and

sold those shares on February 7, 2001 for $3,182.00.  *See* Decl. of Joy Ann Bull, ¶ 2-3 (doc. 1706) and its Ex. A.  The definition of class for this suit against UBS limits the class to those who purchased HealthSouth stock between September 20, 2000 and March 18, 2003.  Thus, Benjamin does not qualify as a member of the UBS  Stockholder Class. Therefore, he has no "interest relating to the property or transaction that is the subject of the action," as Rule 24(a)(2) requires.

The court agrees that "Objector[/intervenor] is not adequately represented" because the class counsel do not represent him, a non-class member, at all.  However, lack of representation does not give one a right to intervene in a case and object to a settlement that does not affect the would-be intervenor.  Similarly, the court will not allow permissive intervention pursuant to Rule 24(b).

    (2)    Benjamin lacks standing to object.

Because Benjamin is not a member of the class in this suit against UBS, he lacks standing to complain about a settlement that will not affect him.  *See* Fed. R. Civ. P 23(e)(5) (stating "[a]ny class member may object to the [settlement] proposal. . . ."); *see also Gould v. Alleco, Inc.*, 883 F.2d 281, 284 (4th Cir. 1989) (stating that the "plain language of Fed. R. Civ. P. 23(e) clearly contemplates allowing only class members to object to settlement proposals."); *In re Domestic Air Transp. Antitrust Litig.*, 148 F.R.D. 297, 343 (N.D. Ga. 1993) (finding that "[b]ecause the [objectors] are not within the definition of the class and are not appearing on behalf of the class members with regard to this objection, they have no standing to bring the objection."); *Mashburn v. Nat'l Healthcare, Inc.,* 684 F. Supp. 660, 673 (M.D. Ala. 1988) (finding that objectors who were not members of the class had no standing to object to the

settlement and were not barred or affected by it).

   (3)  Objector cannot "assist the court in its analysis."

     (a) The face of the objection demonstrates the futility of allowing Benjamin "to intervene and conduct an audit of Class Counsel's time and expense records." Apparently, neither Mr. Benjamin nor his attorney Mr. Gamble has read the publicly-filed settlement documents for the UBS settlement, much less the documents related to the two prior settlements. If they had, they would have understood that <u>this</u> settlement is with UBS, not "USB" as their filings repeatedly state. Such lack of attention to detail speaks volumes against the reliability of the details of any audit they seek to make.

     (b) Had they paid any attention to the filings on record, they would have realized that not only is this settlement the third in the series, but it is indeed the last. Contrary to their assertions, once the court grants the Plaintiffs' motion to dismiss the sole remaining individual defendant in the Stockholder litigation (*see* doc. 1679), "other Defendants" do not remain. (*See* doc. 1704, at 1).

     (c) Asserting that class Counsel negotiated their fee with defendants misstates the facts and reveals a misunderstanding of the working of class actions under the Private Securities Litigation Reform Act; under the PSLRA, lead Plaintiffs select lead counsel (with approval by the court) and negotiate the fee arrangement. This involvement of sophisticated lead Plaintiffs, such as those in this case, in negotiating and thus exercising control over fees represents one of the biggest reforms enacted by Congress in PSLRA. Lack of knowledge or understanding of this key component of the PSLRA and of the court's review of fees in this case demonstrates that allowing the requested audit would be ill-advised.

(d) Further, the argument that the fee in this case is unfair is based on an error in the amount of settlement.  Benjamin characterizes this settlement as being "over $3 billion dollars." (doc. 1704, at 9).  The court can only assume that he has confused the judgment in the state court derivative action against Scrushy with the settlement in this federal court settlement with UBS.  These errors in the basic understanding of the settlement at issue undercut any benefit to the court <u>if</u> he had first met the requirements of Rule 24.

(e) Had Benjamin and/or his counsel read and understood the prior opinions entered in this case, they would not assert that "Plaintiffs can no longer claim 1) novelty and difficulty of issues." (doc. 1704, at 4).  Of all the defendants initially involved in this case, UBS fought longest and hardest.  The class claims against it presented the most complex, difficult and novel issues of the entire case.  Claiming that the "SEC enforcement action," which was against HealthSouth Corporation and Scrushy (CV-03-615), somehow reduced the difficulty of the case against UBS again demonstrates a complete lack of understanding of this case.

(f) The legal analysis based on faulty factual premises provides no help to the court.  The court is well aware of the "scaling effect" that generally results in a lower percentage fee as the settlement fund amount increases.  *See* Theodore Eisenberg and Geoffrey P. Miller, *Attorney Fees and Expenses in Class Action Settlements: 1993-2008*, 7 Journal of Empirical Legal Studies, Issue 2, 248, 263 (June 2010). But focusing on the percentage used for fees in cases where the settlement fund exceeded $1 billion dollars serves no purpose here.

(g) The cases cited by the Objector involving multi-million dollar settlement funds actually *support* the percentage fee requested here and undermine his argument that the requested fee is excessive.  (*See* doc. 1704, at 6-9).

4

(h) Based on the demonstrated lack of knowledge and/or understanding of this case, its issues, or even the terms of this settlement, allowing Benjamin to intervene and conduct an audit would not assist the court, would damage the patient members of the UBS class by delaying their long-desired settlement, and would only be an excuse to claim his own exorbitant fees and expenses from the fund created to benefit class members, of which Benjamin is not one.

Therefore, the motion is due to be DENIED and the Objection STRICKEN. The court will enter a separate Order consistent with this Memorandum Opinion.

Dated this 20th day of July, 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE